UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>      v.<br><br>SHANNON G. HARTFIELD and<br>DANESXY ORTEGA,<br><br>                    Defendants. | CASE NO. 22-CR-00176-LK<br><br>SECOND ORDER CONTINUING TRIAL |

      This matter comes before the Court on Defendants Shannon Hartfield and Danesxy Ortega's Unopposed Joint Motion to Continue Trial and Pretrial Motions Deadline, Dkt. No. 43, as well as their speedy trial waivers, Dkt. Nos. 39, 44. On October 12, 2022, a federal grand jury indicted Mr. Hartfield on one count of Conspiracy to Commit Bank Robbery, four counts of Bank Robbery, and one count of Attempted Bank Robbery. Dkt. No. 1 at 1–6; *see* 18 U.S.C. §§ 371, 2113(a). Mr. Ortega was likewise indicted on one count of Conspiracy to Commit Bank Robbery, one count of Attempted Bank Robbery, one count of Bank Robbery, and one count of Carrying a Firearm During and in Relation to a Crime of Violence. Dkt. No. 1 at 1–5; *see* 18 U.S.C. §§ 371,

SECOND ORDER CONTINUING TRIAL - 1

1  924(c)(1)(A), 2113(a). Defendants pleaded not guilty to all counts. Dkt. Nos. 11, 14. Although
2  their jury trial was originally slated to begin on December 19, 2022, *id.*, the Court granted their
3  joint unopposed motion to continue trial to July 10, 2023, Dkt. No. 27. Meanwhile, in March 2023,
4  the grand jury returned a superseding indictment charging Mr. Ortega with an additional count of
5  Carrying a Firearm During and in Relation to a Crime of Violence and charging Mr. Hartfield with
6  two additional counts of that offense. Dkt. No. 31 at 5–6. Defendants again pleaded not guilty to
7  all charges. Dkt. Nos. 37–38.

8        They now seek a second continuance to January 16, 2024, and wish to reset the pretrial
9  motions deadline to December 5, 2023. Dkt. No. 43 at 1. Defendants assert three bases for this
10 continuance. First, the Government has provided "a substantial body of discovery materials related
11 to the alleged robberies," including audio and video recordings and thousands of pages of
12 Facebook and Cellebrite records. *Id.* at 2. The Government's disclosure apparently exceeds 27 GB
13 of data. *Id.* Second, the superseding indictment charges Defendants with new counts. *Id.* And third,
14 Mr. Hartfield is a suspect "in upwards of thirty additional bank robberies in this district." *Id.*
15 Although discovery is ongoing with respect to these uncharged bank robberies, the Government
16 has allegedly expressed "a willingness to supersede the current indictment" to include charges for
17 these other bank robberies should this case proceed to trial. *Id.* Defense counsel therefore need
18 more time to "obtain and review materials related to these uncharged counts and at least explore
19 whether a global settlement is possible." *Id.* If settlement talks prove unsuccessful, they will need
20 time to prepare for trial on the current charges as well as any offenses the Government intends to
21 bring in a superseding indictment. *Id.* The upshot is that counsel cannot adequately prepare for
22 trial by the current July 10, 2023 trial date. *Id.* Defendants aver that they have consulted with

counsel and knowingly and voluntarily waive their speedy trial rights, and consent to a continuance of trial to a date up to and including January 31, 2024. Dkt. No. 39 at 1; Dkt. No. 44 at 1.[1]

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to review the evidence, consider possible defenses, and gather evidence material to the defense. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court also finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Defendants reasonable time to accomplish these tasks, to investigate the matter, and to prepare for trial.

For these reasons, the Court ORDERS that trial shall be continued from July 10, 2023 to January 16, 2024. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. Pretrial motions are due no later than December 5, 2023.

Dated this 15th day of May, 2023.

*Lauren King*
Lauren King
United States District Judge

---

[1] Mr. Hartfield consents to a continuance of trial to a date no later than February 1, 2024. Dkt. No. 39 at 1.

SECOND ORDER CONTINUING TRIAL - 3