UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>SHANNON G. HARTFIELD and<br>DANESXY ORTEGA,<br><br>              Defendants. | CASE NO. 22-CR-00176-LK<br><br>THIRD ORDER CONTINUING TRIAL |

This matter comes before the Court on Defendants Shannon Hartfield and Danesxy Ortega's Motion to Continue Trial and Pretrial Motions Deadline, Dkt. No. 49, as well as their speedy trial waivers, Dkt. Nos. 48, 51.[1] The Government does not oppose the motion. Dkt. No. 49 at 1.

On October 12, 2022, a federal grand jury indicted Mr. Hartfield on one count of Conspiracy to Commit Bank Robbery, four counts of Bank Robbery, and one count of Attempted

---

[1] Mr. Ortega originally indicated that he "w[ould] not join in the motion." Dkt. No. 49 at 1, 4. He has since changed course and joined the motion. *See* Dkt. No. 50 (notice of joinder).

THIRD ORDER CONTINUING TRIAL - 1

1  Bank Robbery. Dkt. No. 1 at 1–6; *see* 18 U.S.C. §§ 371, 2113(a). Mr. Ortega was likewise indicted on one count of Conspiracy to Commit Bank Robbery, one count of Attempted Bank Robbery, one count of Bank Robbery, and one count of Carrying a Firearm During and in Relation to a Crime of Violence. Dkt. No. 1 at 1–5; *see* 18 U.S.C. §§ 371, 924(c)(1)(A), 2113(a). Defendants pleaded not guilty to all counts. Dkt. Nos. 11, 14. Although their jury trial was originally slated to begin on December 19, 2022, *id.*, the Court granted their joint unopposed motion to continue trial to July 10, 2023, Dkt. No. 27 at 2–3. Meanwhile, in March 2023, a grand jury returned a superseding indictment charging Mr. Ortega with an additional count of Carrying a Firearm During and in Relation to a Crime of Violence and charging Mr. Hartfield with two additional counts of that offense. Dkt. No. 31 at 5–6. Defendants again pleaded not guilty to all charges. Dkt. Nos. 37–38. And, roughly a month later, they moved to continue trial to January 16, 2024. Dkt. No. 43 at 1. The Court granted the motion. Dkt. No. 46 at 3.

Defendants now seek a third continuance to September 16, 2024, and wish to reset the pretrial motions deadline to August 4, 2024. Dkt. No. 49 at 1. They indicate that "the volume of discovery has increased substantially" since the last continuance. *Id.* at 2. More specifically, the Government issued its third discovery production on July 19th, fourth discovery production on August 4th, and fifth discovery production on August 22nd. *Id.* The third production consists of 1,928 pages "detailing at least eight separate robberies" as well as native files containing 23.1 gigabytes of video, audio, and .jpeg files. *Id.* The fourth production contains 10,104 pages and 86.2 gigabytes of native files related to 18 robberies in the Seattle and Tacoma areas. *Id.* And the fifth production contains cell phone records for two phones seized as part of the investigation. *Id.* Counsel has apparently experienced difficulties in downloading, organizing, reviewing, and sharing these materials. *Id.* & n.2; *see also id.* at 3.

According to counsel, the discovery related to the additional bank robberies is "important in several respects." *Id.* at 3. First, the Government has indicated that it will formally charge Defendants with additional counts related to the bank robberies if they pursue trial on the current charges. *Id.* at 3–4; *see also* Dkt. No. 50 at 1. Second, even if additional charges are not filed, the Government will "likely" use "at least some of the information in the other investigations" under Federal Rule of Evidence 404(b). Dkt. No. 49 at 3–4. And third, "the parties have discussed potentially referencing or including at least some of the additional uncharged conduct in a proposed plea resolution and potentially reaching out to state prosecutors to ensure that a federal resolution also results in no additional state-level charges." *Id.* at 4. Counsel state that "[t]his will be a time-consuming process given the number of investigations" against Defendants. *See id.* ("[T]hese robbery allegations occurred across at least three counties and were investigated by at least ten different police agencies. Thus, numerous law enforcement agencies, three prosecuting attorneys' offices, and numerous victims will need to be consulted as part of any proposed global resolution."). In short, "it is simply not possible" for defense counsel to be adequately prepared for trial by January 16, 2024. *Id.* Defendants aver that they have consulted with counsel and knowingly and voluntarily waive their speedy trial rights, and consent to a continuance of trial to a date no later than October 1, 2024. Dkt. No. 48 at 1; Dkt. No. 51 at 1.[2]

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for

---

[2] Mr. Hartfield waived his speedy trial rights through October 31, 2024. Dkt. No. 48 at 1.

more time to review the evidence (including the forthcoming discovery), consult with their clients, consider possible defenses, and gather evidence material to the defense. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court also finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Defendants reasonable time to accomplish these tasks, to investigate the matter, and to prepare for trial.

For these reasons, the Court ORDERS that trial shall be continued from January 16, 2024 to September 16, 2024. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. Pretrial motions are due no later than August 5, 2024.[3]

Dated this 15th day of December, 2023.

Lauren King
United States District Judge

---

[3] Defendants' proposed pretrial deadline of August 4, 2024 falls on a Sunday.

THIRD ORDER CONTINUING TRIAL - 4