UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>SHANNON G. HARTFIELD et al.,<br><br>      Defendants. | CASE NO. 2:22-cr-00176-LK<br><br>ORDER CONTINUING TRIAL<br>AND PRETRIAL DEADLINES |

  This matter comes before the Court on Defendant Danesxy Ortega's Stipulated Motion to Continue the Trial. Dkt. No. 76. Mr. Ortega represents that the parties have agreed to continue the trial date for Mr. Ortega and his co-defendants Shannon G. Hartfield and Michael Keylon Miller-Jimerson from September 16, 2024 to February 10, 2025, and to continue the pretrial motions deadline accordingly. *Id.* at 1–3. All three Defendants have waived their speedy trial rights through at least February 24, 2025. Dkt. No. 76-2 at 1–2; Dkt. No. 77 at 1; Dkt. No. 78 at 1.

  On March 27, 2024, a federal grand jury indicted the three Defendants in a Second Superseding Indictment for Conspiracy to Commit Bank Robbery, Attempted Bank Robbery, and Bank Robbery. Dkt. No. 54 at 1–3, 5–6; *see* 18 U.S.C. §§ 371, 2113(a). Mr. Hartfield was also

indicted for three additional counts of Bank Robbery and two counts of Carrying a Firearm During and in Relation to a Crime of Violence. Dkt. No. 54 at 4–7; *see* 18 U.S.C. §§ 924(c)(1)(A)(i)–(ii), 2113(a). Mr. Ortega was also indicted for two counts of Carrying a Firearm During and in Relation to a Crime of Violence. Dkt. No. 54 at 5–6; *see* 18 U.S.C. § 924(c)(1)(A)(i)–(ii). And Mr. Miller-Jimerson was also indicted for an additional count of Bank Robbery and Robbery. Dkt. No. 54 at 7; *see* 18 U.S.C. §§ 1951(a)–(b), 2113(a). All Defendants are currently in custody, Dkt. Nos. 34, 56, 57, and have pleaded not guilty to all counts, Dkt. Nos. 66, 67, 69.

The Government has advised defense counsel that Mr. Ortega is suspected of having committed 14 robberies in addition to those that he is already charged with, Dkt. No. 76 at 2, and that it may seek a third superseding indictment with additional counts against Mr. Ortega based on those robberies if the parties cannot reach a plea agreement. *Id.* The Government has also indicated that it may seek to introduce evidence of these other alleged robberies as prior bad acts pursuant to Federal Rule of Evidence 404(b). *Id.*

Mr. Ortega's current counsel was recently appointed on July 5, 2024. *Id.*; *see also* Dkt. No. 75. Given the charges that Mr. Ortega is currently facing and the possibility of additional counts or evidence under Federal Rule of Evidence 404(b), Mr. Ortega's new counsel states that he "cannot be adequately prepared for trial by the current trial date" and "therefore requires additional time to review the discovery, conduct necessary investigation, pursue [a] possible . . . settlement and provide [Mr. Ortega] with thorough and complete advice." Dkt. No. 76 at 2–3. As noted above, Mr. Ortega's co-defendants do not oppose the requested continuance.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for

ORDER CONTINUING TRIAL AND PRETRIAL DEADLINES - 2

effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to review discovery, conduct necessary investigation, engage in plea discussions, consult with Mr. Ortega, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Mr. Ortega reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS the Mr. Ortega's motion, Dkt. No. 76, and ORDERS that the trial date shall be continued from September 16, 2024 to February 10, 2025, and that the pretrial motions deadline shall be continued to December 30, 2024. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act.

Finally, in light of Mr. Hartfield's request for a scheduling order, Dkt. No. 79 at 1,[1] the parties are DIRECTED to meet and confer and file a joint status report within 21 days of the date of this Order that addresses whether a scheduling order is needed for this case and, if so, includes a proposed scheduling order that is consistent with this District's Local Criminal Rules.

Dated this 7th day of August, 2024.

Lauren King
United States District Judge

---

[1] Mr. Hartfield indicated in a response to Mr. Ortega's motion that he "believes that a scheduling order should be issued and a status conference should be held to ensure that further delays will not be necessary." Dkt. No. 79 at 1. The Court notes that a request for affirmative relief in a response brief is not procedurally proper; however, it will direct the parties to confer on this issue.

ORDER CONTINUING TRIAL AND PRETRIAL DEADLINES - 3