UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANNON G. HARTFIELD et al.,<br><br>    Defendants. | CASE NO. 2:22-cr-00176-LK<br><br>ORDER CONTINUING TRIAL<br>AND PRETRIAL DEADLINES |

    This matter comes before the Court on Defendant Michael Keylon Miller-Jimerson's Unopposed Motion to Continue Trial Date and Pretrial Filing Date. Dkt. No. 95. Mr. Miller-Jimerson represents that the parties have agreed to continue the trial date for Mr. Miller-Jimerson and his co-defendants Shannon G. Hartfield and Danesxy Ortega from February 10, 2025 to July 21, 2025, and to continue the pretrial motions deadline from December 30, 2024 to May 26, 2025. *Id.* at 1. All three Defendants have waived their speedy trial rights through at least August 15, 2025. Dkt. No. 96 at 1; Dkt. No. 97 at 1; Dkt. No. 98 at 1.[1]

---

[1] Mr. Miller-Jimerson filed the instant motion on December 19, 2024, which was sufficiently before the December 30, 2024 pretrial motions deadline. Dkt. No. 95; *see also* Dkt. No. 80. However, Mr. Miller-Jimerson and his co-

ORDER CONTINUING TRIAL AND PRETRIAL DEADLINES - 1

1    On March 27, 2024, a federal grand jury indicted the three Defendants in a Second
2    Superseding Indictment for Conspiracy to Commit Bank Robbery, Attempted Bank Robbery, and
3    Bank Robbery. Dkt. No. 54 at 1–3, 5–6; *see* 18 U.S.C. §§ 371, 2113(a). Mr. Hartfield was also
4    indicted for three additional counts of Bank Robbery and two counts of Carrying a Firearm During
5    and in Relation to a Crime of Violence. Dkt. No. 54 at 4–7; *see* 18 U.S.C. §§ 924(c)(1)(A)(i)–(ii),
6    2113(a). Mr. Ortega was also indicted for two counts of Carrying a Firearm During and in Relation
7    to a Crime of Violence. Dkt. No. 54 at 5–6; *see* 18 U.S.C. § 924(c)(1)(A)(i)–(ii). And Mr. Miller-
8    Jimerson was also indicted for an additional count of Bank Robbery and Robbery. Dkt. No. 54 at
9    7; *see* 18 U.S.C. §§ 1951(a)–(b), 2113(a). All Defendants are currently in custody, Dkt. Nos. 34,
10   56, 57, and have pleaded not guilty to all counts, Dkt. Nos. 66, 67, 69.

11   Mr. Miller-Jimerson represents that "[t]he amount of discovery i[n] this case is extremely
12   voluminous," and includes "hundreds of pages of written discovery," "hundreds of videos ranging
13   in time," "police reports from multiple jurisdictions," "thousands of pages of phone records and
14   phone location data," and "hundreds of pages of Facebook accounts and other internet based
15   programs." Dkt. No. 95 at 2. The Government has also advised defense counsel that Mr. Miller-
16   Jimerson is suspected of having committed approximately 14 robberies in addition to those that he
17   is already charged with and that it may seek a third superseding indictment with additional counts
18   against Mr. Miller-Jimerson based on those robberies if the parties cannot reach a plea agreement.
19   *Id.* Mr. Miller-Jimerson avers that "defense counsel has not had adequate time since March 29,
20   2024, to review discovery and go over it with [Mr. Miller-Jimerson] to make a reasoned and

---

defendants without explanation failed to file their speedy trial waivers until January 10–11, 2025, Dkt. Nos. 96–98, which prevented the Court from ruling on Mr. Miller-Jimerson's motion prior to the pretrial motions deadline. While the Court understands that obtaining the waivers may have been difficult over the holiday season, the Court expects that counsel ensure that supporting materials are filed in advance of future deadlines so the Court may rule on associated motions in a timely manner.

ORDER CONTINUING TRIAL AND PRETRIAL DEADLINES - 2

intelligent decision about filing pretrial motions, as well as whether to proceed to trial or seek to resolve the case." *Id.* He also avers that defense counsel "needs additional time to investigate potential witnesses." *Id.*

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and Defendants in any speedier trial. Specifically, the Court finds that failure to grant the requested continuance would likely result in a miscarriage of justice and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, due to counsel's need for more time to review discovery, conduct necessary investigation, engage in plea discussions, consult with Mr. Miller-Jimerson, file pretrial motions, and prepare for trial. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the additional time requested is a reasonable period of delay and will be necessary to provide counsel and Mr. Miller-Jimerson reasonable time to accomplish the above tasks.

For these reasons, the Court GRANTS Mr. Miller-Jimerson's motion, Dkt. No. 95, and ORDERS that the trial date shall be continued from February 10, 2025 to July 21, 2025 and that the pretrial motions deadline shall be continued from December 30, 2024 to May 26, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act.

Dated this 14th day of January, 2025.

Lauren King
United States District Judge