UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br>      v.<br>SHANNON G. HARTFIELD et al.,<br><br>                        Defendants. | CASE NO. 2:22-cr-00176-LK<br><br>ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE |

      This matter comes before the Court on counsel for Defendant Danesxy Ortega's motion to continue trial. Mr. Ortega's counsel, who has since been permitted to withdraw from this case, *see* Dkt. No. 125, filed a motion seeking to continue the trial date from July 21, 2025 to November 10, 2025 and the pretrial motions deadline from May 26, 2025[1] to a date suitable to the Court, Dkt. No. 114 at 1.

      The Court held a hearing on the motion on June 6, 2025. At the hearing, counsel for all four parties informed the Court that they had conferred regarding a possible new trial date given

---

[1] Due to the uncertainty connected with the motion to continue, among other things, the Court has continued the pretrial motions deadline twice; they are now due on June 13, 2025. Dkt. Nos. 120, 141.

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 1

the recent attorney appointments, and that they were all available on November 24, 2025. New counsel for Mr. Ortega adopted his prior attorney's motion and orally amended it to seek a continuance until November 24, 2025. All parties consented to the Court considering the oral motion at the hearing without further briefing on the requested continuance. Mr. Hartfield objected to a November continuance, and his attorney suggested that a brief continuance to mid-August 2025 would allow the parties to better gauge the length of continuance needed and possible severance. *See* Dkt. No. 135 at 2. Because Mr. Ortega and Mr. Hartfield objected to a continuance of any length, the Court engaged in a colloquy with both defendants to understand the nature and rationale of their objections. The Government did not object to the continuance requested by counsel for Mr. Ortega.[2]

As explained below, the Court grants the motion, continuing trial to November 24, 2025.

## I.  BACKGROUND

On October 12, 2022, Mr. Hartfield and Mr. Ortega were charged by indictment with Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. §§ 371 and 2113(a), Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113(a), Attempted Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113(a), and (against Mr. Ortega) Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Dkt. No. 1 at 1–6. Multiple superseding indictments have been filed in the intervening years. Dkt. Nos. 31, 54, 108. Charges were first brought against Mr. Miller-Jimerson in the Second Superseding Indictment on March 27, 2024. Dkt. No. 54. At present, the Third Superseding Indictment charges Mr. Hartfield and Mr. Ortega

---

[2] At the time Mr. Ortega's counsel filed the motion to continue, former defendant Michael Miller-Jimerson had pleaded guilty to a Superseding Information. Dkt. Nos. 102, 104–07. After the Government filed a Third Superseding Indictment against Mr. Hartfield and Mr. Ortega, Mr. Miller-Jimerson moved to withdraw his guilty plea, Dkt. No. 124, and sought appointment of new counsel, Dkt. Nos. 128, 132. Because "Miller-Jimerson was not charged in the Third Superseding Indictment" and has withdrawn his guilty plea, the Government "anticipates seeking a new charging document relating to Miller-Jimerson." Dkt. No. 127 at 3 n.1. Mr. Miller-Jimerson's new attorney stated during the hearing that he will need a continuance if his client is charged in a Fourth Superseding Indictment.

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 2

1  with one count of Conspiracy to Commit Robbery in violation of 18 U.S.C. §§ 371, 1951(a) and
2  (b)(1), and 2113(a), multiple counts of Robbery in violation of 18 U.S.C. §§ 2 and 1951(a) and
3  (b)(1), multiple counts of Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113, multiple counts
4  of Using a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 2
5  and 924(c)(1)(A)(i) and (ii), one count of Armed Bank Robbery in violation of 18 U.S.C. §§ 2 and
6  2113(a), and one count of Attempted Armed Bank Robbery in violation of 18 U.S.C. §§ 2 and
7  2113(a). Dkt. No. 108 at 1–13.[3]

8  Trial was initially set for December 19, 2022. Dkt. Nos. 11, 14. On November 7, 2022, Mr.
9  Hartfield and Mr. Ortega successfully sought to continue trial to July 10, 2023 because they needed
10 more time to review discovery and to conduct appropriate investigation into relevant facts. Dkt.
11 No. 24 at 1–2; Dkt. No. 27. On May 12, 2023, they again successfully moved to continue trial, this
12 time until January 16, 2024. Dkt. Nos. 43, 46. The superseding indictment (filed on March 28,
13 2023) charged them with new counts, and they needed more time to review the "substantial body
14 of discovery materials related to the alleged robberies" produced by the Government, which
15 exceeded 27 gigabytes of data. Dkt. No. 43 at 2. Furthermore, discovery was ongoing with respect
16 to numerous uncharged bank robberies, and counsel needed more time to "obtain and review
17 materials related to these uncharged counts[.]" *Id.*

18 Mr. Hartfield's next motion to continue was filed on December 4, 2023. Dkt. No. 49. Mr.
19 Ortega joined in the motion, Dkt. No. 50, which represented that a continuance to September 16,
20 2024 was necessary because the defense needed more time to review three intervening discovery
21 productions from the Government that collectively totaled over 100 gigabytes of video, audio, and

---

[3] As noted above, Mr. Miller-Jimerson is not charged in the operative indictment; the Superseding Information charges him with one count of Armed Bank Robbery in violation of 18 U.S.C. §§ 2 and 2113(a) and (d), one count of Robbery in violation of 18 U.S.C. §§ 2 and 1951(a) and (b)(1), and one count of Conspiracy to Use a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(o). Dkt. No. 102.

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS
DEADLINE - 3

1   .jpeg files, Dkt. No. 52 at 2. In addition, the parties continued exploring a global resolution relating

2   to the uncharged conduct. *Id.* at 3. The Court granted the motion on December 15, 2023. *Id.* at 4.

3         On July 29, 2024, Mr. Ortega filed a motion to continue trial to February 10, 2025, averring

4   that his new attorney (who was appointed on July 5, 2024) needed more time to review discovery,

5   investigate uncharged conduct, and prepare for trial. Dkt. No. 76 at 2. Mr. Hartfield filed a response

6   "agree[ing] to the continuance" but expressing that he "hop[ed] this [was] the last continuance."

7   Dkt. No. 79 at 1. He acknowledged that this case "is unquestionably serious, complicated, and

8   voluminous," and asked for a scheduling order and status conference "to ensure that further delays

9   will not be necessary." *Id.* at 1–2. When it granted the continuance on August 7, 2024, the Court

10  directed the parties to confer and file a joint status report addressing the request for a status

11  conference and scheduling order. Dkt. No. 80 at 3 & n.1. The parties did not submit that report

12  until November 6, 2024, at which time they "agreed that a scheduling order is not necessary beyond

13  the current motion deadline in the case." Dkt. No. 85 at 1.

14        On December 19, 2024, Mr. Miller Jimerson filed a fifth motion to continue trial. Dkt. No.

15  95. He argued a continuance to July 21, 2025 was necessary because "[t]he amount of discovery

16  i[n] this case is extremely voluminous," including "hundreds of pages of written discovery,"

17  "hundreds of videos ranging in time from mere minutes to over an hour," "police reports from

18  multiple jurisdictions," "thousands of pages of phone records and phone location data," and

19  "hundreds of pages of Facebook accounts and other internet based programs." *Id.* at 2. He too had

20  to investigate uncharged conduct. *Id.* Mr. Miller-Jimerson indicated that Mr. Hartfield and Mr.

21  Ortega agreed with and joined the motion, and all three defendants filed speedy trial waivers. *Id.*

22  at 3; Dkt. Nos. 96–98. The Court granted the motion on January 14, 2025. Dkt. No. 99.

23        As noted above, counsel for Mr. Ortega filed the sixth motion for a continuance in this

24  case. Dkt. No. 114. Counsel avers that a continuance is necessary to provide him sufficient time

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 4

to review discovery in this matter, which includes at least two recent productions from the Government. *Id.*[4] Mr. Hartfield filed a timely opposition, arguing that the Court should either maintain the current trial date or sever his case from the remaining defendants. Dkt. No. 126. The Government subsequently filed a "response to Hartfield's opposition," in which it indicated that it does not oppose "a reasonable continuance to ensure that Danesxy Ortega's counsel has adequate time to prepare for trial and provide effective assistance of counsel," but did oppose Mr. Hartfield's "informal request" for a severance raised solely in responsive briefing. Dkt. No. 127 at 1.

## II. DISCUSSION

At the June 6 hearing, counsel for Mr. Ortega explained that a continuance was necessary due to his recent appointment, the complexity of the case, and the volume of discovery.[5] His motion implicates competing Sixth Amendment rights—principally, Mr. Hartfield's and Mr. Ortega's right to a speedy trial and Mr. Ortega's right to effective assistance of counsel—as well as the strong preference that co-indicted criminal defendants be tried together, especially when conspiracy charges are at play. For the reasons explained below, the Court finds that Mr. Ortega's right to effective assistance of counsel justifies continuing the trial, and further concludes that a continuance would not violate Mr. Hartfield's or Mr. Ortega's speedy trial rights and that severance is not warranted.

---

[4] Since the initial indictment, Mr. Ortega has undergone several changes in counsel. His first counsel, Nancy Tenney, withdrew on July 1, 2024. Dkt. No. 73. Ms. Tenney was replaced by Gilbert Levy, who himself withdrew from representation on November 21, 2024. Dkt. No. 92. Nicholas Marchi, who originally filed the pending motion to continue trial, Dkt. No. 114, was appointed on November 26, 2024, Dkt. No. 93. He subsequently moved to withdraw on May 20, 2025. Dkt. No. 116. His motion to withdraw was granted, Dkt. No. 125, and—following the short-lived appointment of Stephan Illa, who immediately moved to withdraw due to a conflict flagged by the Government, Dkt. Nos. 132, 133, 138—Peter Geisness was appointed to represent Mr. Ortega on June 3, 2025, Dkt. No. 142.

[5] Mr. Miller-Jimerson's new attorney stated during the June 6, 2025 hearing that he would need a continuance for the same reasons should his client be charged in a Fourth Superseding Indictment.

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 5

### A. Legal Standard

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *United States v. Quintero*, 995 F.3d 1044, 1059 (9th Cir. 2021) (citing *Strickland v. Washington*, 466 U.S. 668, 686, 688 (1984)). The right to effective assistance of counsel "implicitly embraces adequate opportunity for the accused and his counsel to consult, advise and make such preparation for arraignment and trial as the facts of the case fairly demand." *Betschart v. Oregon*, 103 F.4th 607, 621 (9th Cir. 2024) (quoting *De Roche v. United States*, 337 F.2d 606, 607 (9th Cir. 1964)). This includes ensuring sufficient time for counsel to, among other things, interview witnesses, review electronic discovery, investigate lines of defense, explore plea offers, and warn the accused of possible risks in sentencing. *See id.* at 620–22 (describing the attorney-client relationship in the context of the Sixth Amendment right to counsel).

The Sixth Amendment also guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Congress enacted the Speedy Trial Act "[t]o give effect to" the Sixth Amendment right to a speedy and public trial. *United States v. Olsen*, 21 F.4th 1036, 1040 (9th Cir. 2022) (per curiam). That Act generally requires a criminal defendant's trial to begin within 70 days of the date on which the indictment was filed or the date on which the defendant makes an initial appearance, whichever is later, 18 U.S.C. § 3161(c)(1), and excluding certain periods of delay enumerated in the statute, *id.* § 3161(h); *see Zedner v. United States*, 547 U.S. 489, 497 (2006) ("To provide the necessary flexibility, the Act includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start."). Delays not in one of the enumerated categories may be excluded to serve the "ends of justice." 18 U.S.C. § 3161(h)(7)(A). "It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants" as long as the delay is "reasonable." *United States v. Messer*, 197 F.3d 330, 336 (9th Cir. 1999).

Specifically, 18 U.S.C. § 3161(h)(6) excludes from the 70-day period "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Speedy Trial Act delays are often reasonable in cases that involve multiple defendants and extensive discovery, *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010), particularly if delaying a codefendant's trial is necessary to avoid severing a conspiracy prosecution, *United States v. Casellas*, 842 F. App'x 95, 97 (9th Cir. 2021).

**B.    A Continuance is Warranted**

As Mr. Hartfield previously represented to this Court, this case and the associated discovery is "unquestionably serious, complicated, and voluminous." Dkt. No. 79 at 2. The Third Superseding Indictment alleges that Mr. Hartfield and Mr. Miller-Jimerson "recruited multiple individuals, many of them minors, to rob banks and marijuana dispensaries at their direction" and provided them firearms to use during the robberies. Dkt. No. 108 at 2. In furtherance of the conspiracy, robberies were committed on December 24, 2021 at Greenworks Cannabis; on the same day at Greenfire Cannabis; on January 21, 2022 at Zips Cannabis; on February 17, 2022 at Kushman's Dispensary; on the same day at Have a Heart Dispensary; on March 11, 2022 at West Seattle Dispensary; on April 18, 2022 at Forbidden Cannabis; on May 26, 2022 at Sound Credit Union; on June 7, 2022 at Salal Credit Union; and on June 17, 2022 at Chase Bank; and an attempted armed bank robbery occurred on June 7, 2022 at Chase Bank. *Id.* at 3–13. Firearms were used in relation to most of these robberies. *Id.* Of the 12 charges alleging robbery or attempted robbery, Mr. Hartfield is alleged to have participated in all 12 (counts 2, 4, 6, 8, 10, 12, 14, 15, 16, 17, 19, and 21), Mr. Ortega in four (counts 2, 4, 17, and 19), and Mr. Miller-Jimerson in five (counts 2, 4, 17, 19, and 21). *Id.*

As chronicled above, discovery includes over 125 gigabytes of materials, including video, audio, and .jpeg files, and over 40,000 pages of discovery. Dkt. No. 43 at 2; Dkt. No. 52 at 2; Dkt. No. 127 at 3.

For these reasons and others, Mr. Hartfield and Mr. Ortega have filed or agreed to the following motions for continuances:

- November 7, 2022: Mr. Ortega and Mr. Hartfield moved to continue trial from December 19, 2022 to July 10, 2023 (**7 months**). Dkt. No. 24.

- May 12, 2023: Mr. Ortega and Mr. Hartfield moved to continue from July 10, 2023 to January 16, 2024 (**6 months**). Dkt. No. 43.

- December 4, 2023: Mr. Hartfield, joined by Mr. Ortega, moved to continue from January 16, 2024 to September 16, 2024 (**9 months**). Dkt. Nos. 49, 50.

- July 29, 2024: Mr. Ortega, with Mr. Hartfield's and Mr. Miller-Jimerson's agreement, filed a stipulated motion to continue trial from September 16, 2024 to February 10, 2025 (**5 months**). Dkt. No. 76.

- December 19, 2024: Mr. Miller-Jimerson, with Mr. Hartfield's and Mr. Ortega's agreement, moved to continue trial from February 10, 2025 to July 21, 2025 (**5 months**). Dkt. No. 95.

The continuances above total 32 months. Mr. Hartfield supported all of his codefendants' motions for continuances totaling 10 months, *see* Dkt. Nos. 76, 95, and was himself the proponent of three motions to continue trial for a total of 22 months, Dkt. Nos. 24, 43, 49; *see also* Dkt. Nos. 26, 39, 48, 78, 96 (Mr. Hartfield's speedy trial waivers). Mr. Ortega filed or joined four motions to continue trial for a total of 27 months, and he agreed to Mr. Miller-Jimerson's motion to continue trial by five additional months. Dkt. Nos. 24, 43, 50, 76, 95; *see also* Dkt. Nos. 25, 44, 51, 76-2, 98 (Mr. Ortega's speedy trial waivers).

The Court agrees with Mr. Ortega's counsel that review of this volume of discovery requires more time than the current trial date and pretrial schedule afford. And the need for

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 8

sufficient time to make an informed decision regarding whether to go to trial is particularly relevant under the circumstances:

> This is not a simple drug delivery or firearm case. . . . There are currently twelve separate charged robberies, . . . [and] the potential consequences for the defendants are extremely serious: the Third Superseding Indictment contains multiple charges as to each defendant with mandatory minimum terms of seven to ten years if convicted, to be run consecutively, with a maximum possible sentence of life."

Dkt. No. 127 at 5.

At the hearing, Mr. Ortega's newly appointed counsel averred that the failure to grant a continuance would deny him reasonable time needed for effective preparation for trial and other pretrial proceedings, considering the exercise of due diligence. Dkt. No. 114 at 2. Indeed, counsel had not yet received discovery as of the June 6 hearing, and pretrial motions are due on June 13, 2025. Mr. Ortega's attorney needs far more time than the current schedule allows to review the immense amount of discovery, consult with Mr. Ortega, prepare pretrial motions, and get ready for trial. And as the Court explained to Mr. Ortega at the hearing, he may not manufacture a Sixth Amendment violation of his right to effective assistance of counsel by forcing his attorney to go to trial unprepared. *See, e.g.*, *United States v. Tanh Huu Lam*, 251 F.3d 852, 858 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam*, 262 F.3d 1033 (9th Cir. 2001) (declining to "permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case" and the corresponding need for additional time to prepare for trial; "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel"); *Jones v. Neuschmid*, No. 18-01738 EJD (PR), 2021 WL 1056597, at *25 (N.D. Cal. Mar. 18, 2021) ("It would be exceedingly odd to allow Petitioner to put trial counsel in a position where Petitioner contends trial counsel did not have time to prepare, and then grant habeas relief [for ineffective assistance of counsel] based

on Petitioner's choice."). A continuance is, at this point, the only viable means of protecting Mr. Ortega's right to effective assistance of counsel.

Having decided that a continuance is necessary, the Court must determine how long the continuance should be.

**C.    Trial is Continued to November 24, 2025**

Mr. Ortega's counsel requests a continuance through November 24, 2025. The Government does not object to this request, but Mr. Ortega and Mr. Hartfield do.

1. Speedy Trial Act

Again, 18 U.S.C. § 3161(h)(6) excludes from the Speedy Trial clock "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." "Generally speaking, defendants jointly charged are to be jointly tried." *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). This is because

> [i]t would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes . . . , that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand.

*Richardson v. Marsh*, 481 U.S. 200, 210 (1987).

At the hearing, Mr. Ortega acknowledged that it would probably take his attorney more time than the current schedule allows to prepare for trial. But he still objected to a continuance, asserting that going to trial now would enable him to make an ineffective assistance argument on appeal. For his part, Mr. Hartfield does not contest that the current schedule provides Mr. Ortega's attorney insufficient time to prepare for trial. Instead, in his opposition to the motion for a continuance, he argues that the Court should sever his case because "the prejudice to Mr. Hartfield

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 10

is obvious"; specifically, he will have to "wait in custody for months while the new attorneys review discovery and prepare for trial." Dkt. No. 126 at 4.

As the Government observes in its reply brief (which itself is procedurally improper), Mr. Hartfield's request is improper because requests for relief must be made by motion, not through a response brief. Dkt. No. 127 at 1, 5; *see also* Fed. R. Crim. P. 12(b)(3)(D) (requiring request for severance of defendants under Federal Rule of Criminal Procedure 14 to be made via pretrial motion). The Government's reply prompted Mr. Hartfield to file another reply (also procedurally improper) acknowledging that "a formal motion to sever has not been made" and that, due to the uncertainty concerning the new trial date, it is premature "to determine what motions, including severance, would be appropriate." Dkt. No. 135 at 1–2. Nevertheless, he asserts that "[a] trial continuance beyond September 1, 2025 will likely result in Mr. Hartfield moving the Court to sever his case[.]" *Id.* at 2.

The Court "gauge[s] the reasonableness of delay on a case by case basis, given the fact-bound nature of the inquiry." *Messer*, 197 F.3d at 337 (citation modified). As discussed above, Mr. Hartfield and Mr. Ortega have previously represented to this Court that the complexity of this case, the nature of the evidence, and the volume of discovery required at least 22 months of continuances. Dkt. Nos. 24, 43, 49. They have also moved for or agreed to continuances of 10 months based on relatively newly appointed attorneys' need for additional time to review discovery and prepare for trial. Dkt. Nos. 76, 95. Based on these prior representations to the Court, it is not difficult to conclude that roughly five months constitutes a reasonable delay under the Speedy Trial Act for Mr. Ortega's new attorney to review discovery, draft and file pretrial motions, and prepare for trial. 18 U.S.C. § 3161(h)(6).

2. <u>Sixth Amendment</u>

Because the overall delay in this case will exceed 36 months, the Court proceeds to evaluate whether a continuance will violate Mr. Hartfield's or Mr. Ortega's speedy trial rights. The Court considers four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972)). None of these four factors is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial"; instead, "they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* at 533. Where, as here, the time limits of the Speedy Trial Act have been met, there is a "strong presumption" of compliance with the Sixth Amendment. *United States v. Baker*, 63 F.3d 1478, 1497 (9th Cir. 1995); *see also United States v. King*, 483 F.3d 969, 976 (9th Cir. 2007) (it is "unusual" to find a Sixth Amendment violation when there is no Speedy Trial Act violation). However, the constitutional analysis is "more flexible" than the Speedy Trial Act inquiry. *United States v. Murillo*, 288 F.3d 1126, 1131 (9th Cir. 2002).

    *(a) Length of Delay*

The first factor, which considers the length of the delay, also serves as a screening device for a full speedy trial analysis under *Barker*. The "general consensus" is that an eight-month delay "constitutes the threshold minimum" to initiate the full *Barker* inquiry. *United States v. Gregory*, 322 F.3d 1157, 1162 n.3 (9th Cir. 2003); *United States v. Alfaro-Hidalgo*, No. 21-10066, 2022 WL 999937, at *1 (9th Cir. Apr. 4, 2022). And a delay "approaching one year" is generally presumptively prejudicial. *Gregory*, 322 F.3d at 1161–62. The length of the delay "is measured from the time of the indictment to the time of trial." *Id.* at 1162 (citation modified).

Assuming without deciding that the Speedy Trial clock on all charges in the Third Superseding Indictment started to run when the initial indictment was filed, the delay from that

point to November 24, 2025 is roughly 37 months. "That is a substantial delay." *United States v. Lonich*, 23 F.4th 881, 894 (9th Cir. 2022), *overruled in part on other grounds by United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024). "But under *Barker*, it is not conclusively a Speedy Trial Clause violation." *Id.* It is not nearly as egregious as other cases in which courts have found Speedy Trial Clause violations. *See, e.g., Doggett v. United States*, 505 U.S. 647, 657 (1992) (8.5-year delay); *United States v. Black*, 918 F.3d 243, 248–49 (2d Cir. 2019) (over 5.5-year delay); *United States v. Handa*, 892 F.3d 95, 107 (1st Cir. 2018) (6.5-year delay); *United States v. Shell*, 974 F.2d 1035, 1036 (9th Cir. 1992) (5-year delay). Indeed, courts have held that much longer delays than the one here were permissible under the Speedy Trial Clause. *See, e.g., United States v. Loud Hawk*, 474 U.S. 302, 314–17 (1986) (more than 7-year delay); *Barker*, 407 U.S. at 533–34 ("well over five year[ ]" delay); *United States v. Alexander*, 817 F.3d 1178, 1183 (9th Cir. 2016) (per curiam) (5-year delay); *United States v. Corona-Verbera*, 509 F.3d 1105, 1116 (9th Cir. 2007) ("nearly eight-year delay"); *United States v. Aguirre*, 994 F.2d 1454, 1456–58 (9th Cir. 1993) (5-year delay); *Rayborn v. Scully*, 858 F.2d 84, 89 (2d Cir. 1988) (over 7-year delay). Thus, the three-year delay here is not dispositively unconstitutional, but instead "presumptively prejudicial." *Gregory*, 322 F.3d at 1162. This means it is "sufficient to trigger inquiry into the other three [*Barker*] factors." *Corona-Verbera*, 509 F.3d at 1114.

       *(b) Reason for Delay*

The second *Barker* factor considers the reason for delay. The purpose of this factor is to evaluate "whether the government or the criminal defendant is more to blame for th[e] delay." *Doggett*, 505 U.S. at 651. Intentional government tactics to delay the trial weigh heavily against the government. *Barker*, 407 U.S. at 531; *see also United States v. Myers*, 930 F.3d 1113, 1119 (9th Cir. 2019). By contrast, "a good-faith, reasonable justification for the delay, such as a missing witness, or a meritorious interlocutory appeal, will weigh less heavily against the government or

not weigh against the government at all." *Myers*, 930 F.3d at 1119–20 (citing *Barker*, 407 U.S. at 531, and *Loud Hawk*, 474 U.S. at 316). And finally, a defendant's actions that delay his own trial weigh heavily against him. *See id.*

As discussed above, Mr. Hartfield delayed his own trial three times by a total of 22 months by seeking continuances. Dkt. Nos. 24, 43, 49. Mr. Ortega filed or joined four motions to continue trial for a total of 27 months' delay; his counsel's recent motion adds four months, for a total of 31 months. Dkt. Nos. 24, 43, 50, 76, 114; *see also Vermont v. Brillon*, 556 U.S. 81, 90–91 (2009) ("Because 'the attorney is the [defendant's] agent when acting, or failing to act, in furtherance of the litigation,' delay caused by the defendant's counsel is also charged against the defendant." (quoting *Coleman v. Thompson,* 501 U.S. 722, 753 (1991)). The remaining period of delay is largely attributable to the complexity in this multidefendant conspiracy case and to newly appointed counsel for Mr. Ortega and Mr. Miller-Jimerson, Dkt. Nos. 76, 95. Neither Mr. Hartfield nor the Government are to blame for the continuances sought by Mr. Ortega at docket entry 76 or in his current motion, and Mr. Hartfield, Mr. Ortega, and the Government are not to blame for the continuance sought by Mr. Miller-Jimerson, Dkt. No. 95. As the Court has previously found, the movants provided a valid justification for these delays. Dkt. Nos. 80, 99; *see United States v. Keith*, 61 F.4th 839, 853 (10th Cir.) (delay that "occurred because two codefendants needed more time for their newly appointed counsel to review discovery and prepare for trial" was a "valid reason (prompted by codefendants) that does not support [a] constitutional claim"), *cert. denied*, 144 S. Ct. 420 (2023); *see also id.* ("Delays owing to the nature of large, multidefendant conspiracies with vast discovery are justifiable."). Thus, this factor weighs against any speedy trial claim.

*(c) Mr. Hartfield's and Mr. Ortega's Assertion of Their Speedy Trial Rights*

The third *Barker* factor concerns whether the defendant has asserted his right to a speedy trial. If the defendant fails to assert the right, it will be "difficult . . . to prove that he was denied a speedy trial." *Myers*, 930 F.3d at 1120 (quoting *Barker*, 407 U.S. at 531).

On the whole, this factor weighs against Mr. Hartfield and Mr. Ortega. They have not previously asserted their rights to a speedy trial, whether by motion or otherwise. *Compare United States v. Gunter*, 77 F.4th 653, 656 (7th Cir. 2023) (defendant adequately asserted his right to a speedy trial where he "moved to dismiss the indictment on the basis of his Sixth Amendment right to a speedy trial" and "opposed motions for continuances and asserted his desire for a speedy trial at numerous times"), *with United States v. Adegboruwa*, No. 2:19-CR-00260-JNP-CMR, 2023 WL 5724934, at *7 (D. Utah Sept. 5, 2023) (factor weighed heavily against defendant where he "never asserted his speedy trial rights prior to filing his motion to sever").[6] As the Government points out in its responsive briefing, *see generally* Dkt. No. 127, Mr. Hartfield has failed to move for severance, as the defendant did in *Adegboruwa*.

"The sooner a defendant raises the speedy trial issue, the more weight this factor lends to his claim"; thus, "this factor weighs against a defendant who requests continuances and waits for months to assert his speedy trial right." *United States v. Larson*, 627 F.3d 1198, 1208 (10th Cir. 2010) (citation modified). Here, Mr. Ortega and Mr. Hartfield have waited 32 months to raise their speedy trial rights. This factor accordingly does not weigh in their favor. *See United States v. Landa-Arevalo*, 104 F.4th 1246, 1257 (10th Cir. 2024) ("We are not persuaded by Defendant's

---

[6] Although Mr. Hartfield's response to Mr. Ortega's July 2024 motion for a continuance "vaguely linked" the resulting delay to his speedy trial right, *United States v. Schuster*, 135 F.4th 1037, 1052 (6th Cir. 2025), and requested a status conference and scheduling order "to ensure that further delays will not be necessary," Dkt. No. 79 at 1–2, he "undermined the force given to that singular assertion," *Schuster*, 135 F.4th at 1052, by later "agree[ing] that a scheduling order is not necessary beyond the current motion deadline in the case," Dkt. No. 85 at 1.

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 15

assertion of his speedy trial right because he 'sat on his hands' for well over a year and contributed to the delay in the meantime."); *United States v. Flowers*, 476 F. App'x 55, 63 (6th Cir. 2012) (factor weighed in favor of government where defendant "waited at least twelve months and arguably seventeen months before requesting a speedy trial"); *United States v. Mendoza*, 530 F.3d 758, 764 (9th Cir. 2008) (defendant's failure to assert right to speedy trial until after making numerous requests for continuances, delaying trial by over a year, weighed against finding a speedy trial violation). For these reasons, this factor weighs against Mr. Ortega and Mr. Hartfield.

### (d) Prejudice to Mr. Hartfield and Mr. Ortega

Finally, the fourth factor under *Barker* considers whether the defendant would be prejudiced by the delay. Courts look at the three interests the speedy trial right was designed to protect: (1) "to prevent oppressive pretrial incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the possibility that the defense will be impaired." *Myers*, 930 F.3d at 1120 (quoting *Barker*, 407 U.S. at 532). The third of these interests is the most important. *Id.*

While Mr. Ortega opposes a continuance past July 21, 2025, he does not argue that he would be prejudiced if the Court granted a continuance to November 24, 2025. Indeed, the Court has found the opposite; to have effective assistance of counsel, Mr. Ortega needs this continuance.

For his part, Mr. Hartfield objects to the fact that it has "now [been] more than two years since [he] was first brought to Federal Court," and "[u]nlike the other defendants in the case, [he] has maintained his attorneys throughout . . . and should not be forced to keep continuing his case while the other co-defendants change counsel weeks before trial." Dkt. No. 126 at 3. He claims that he would be prejudiced because a continuance "require[s] [him] to wait in custody for months while the new attorneys review discovery and prepare for trial." *Id.* at 4. But Mr. Hartfield caused or agreed to all prior continuances, waiving his speedy trial rights (and thus extending his pretrial detention) through September 1, 2025. Dkt. Nos. 26, 39, 48, 78, 96. A continuance to November

1    24, 2025 is roughly two months beyond that date. This is not an oppressive duration of pretrial

2    incarceration, nor does it unduly prolong Mr. Hartfield's anxiety and concern. Mr. Hartfield does

3    not argue that a delay will impair his defense, and indeed, delay can work to the defendant's

4    advantage, as when witnesses "become unavailable or their memories . . . fade." *Barker*, 407 U.S.

5    at 521; *see also Brillon*, 556 U.S. at 90 (recognizing "the reality that defendants may have

6    incentives to employ delay as a 'defense tactic'" (quoting *Barker*, 407 U.S. at 521)).

\*   \*   \*

8    Weighing all of these factors, the Court finds that Mr. Hartfield's and Mr. Ortega's

9    constitutional right to a speedy trial will not be violated by the continuance requested here.

10   **D.   The Court Will Not Order Severance**

11   As discussed above, no party has moved for severance in this case. But even if Mr.

12   Hartfield had properly moved to sever his trial, it would not be warranted under the circumstances.

13   There is a well-established "preference in the federal system for joint trials of defendants

14   who are indicted together[.]" *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The "strong

15   proclivity for joint trials is based in part on the recognition that trying co-defendants together

16   conserves judicial resources, diminishes inconvenience and harm to witnesses and victims, and

17   avoids delays in bringing those charged with crimes to trial." *United States v. Alvarez-Quinonez*,

18   No. CR20-093 RSM, 2022 WL 101856, at *1 (W.D. Wash. Jan. 11, 2022) (citing *United States v.*

19   *Lane*, 474 U.S. 438, 449 (1986)). Joint trials also "serve the interests of justice by avoiding the

20   scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537. Notably, joint trials are

21   "particularly appropriate" when defendants are charged with conspiracy, as is the case here. *United*

22   *States v. Jenkins*, 633 F.3d 788, 807 (9th Cir. 2011) (citing *Zafiro*, 506 U.S. at 536–37).

23   The sole argument Mr. Hartfield has made for severance is that he should enjoy an earlier

24   trial than his codefendants under Federal Rule of Criminal Procedure 14(a) because he should not

ORDER ON DEFENDANT ORTEGA'S MOTION TO CONTINUE TRIAL DATE AND PRETRIAL MOTIONS DEADLINE - 17

have to "wait in custody for months" when he is ready to go to trial now. Dkt. No. 126 at 3–4. Rule 14(a) allows a court to sever the defendants' trials when the joinder of defendants in an indictment "appears to prejudice a defendant[.]" Fed. R. Crim. P. 14(a). The burden on the party seeking severance is an "exacting" one, *United States v. Jawara*, 474 F.3d 565, 579 (9th Cir. 2006), and severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," *Zafiro*, 506 U.S. at 539. The moving defendant "must show that 'joinder was so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy.'" *United States v. Garcia*, 506 F. App'x 593, 595 (9th Cir. 2013) (quoting *United States v. Douglass*, 780 F.2d 1472, 1478 (9th Cir. 1986)).

Neither the Ninth Circuit nor the Supreme Court appears to have expressly decided whether a defendant's right to a speedy trial is one of the "specific trial rights" that, if at risk in a joint trial, can justify severance under Rule 14. *See United States v. Yandell*, No. 2:19-CR-00107-KJM, 2023 WL 2620418, at *7 (E.D. Cal. Mar. 23, 2023). However, the Ninth Circuit has suggested that it is. *See Messer*, 197 F.3d at 340 ("The district court should have severed [a third defendant's] trial once it became apparent to the court that [he] was going to be tried first in Rhode Island" while two codefendants waited.).

As discussed above, "an exclusion from the Speedy Trial clock for one defendant applies to all codefendants"; provided, however, that the attribution of delay to a codefendant "is limited by a reasonableness requirement[.]" *Messer*, 197 F.3d at 336. For the reasons stated above, this Court has found that the delay here is reasonable. Furthermore, Mr. Hartfield does not argue that the defendants in this case are improperly joined under Rule 8(b) of the Federal Rules of Criminal

Procedure,[7] nor has he demonstrated clear or manifest prejudice from the joinder. *Tootick v. United States*, 952 F.2d 1078, 1083 (9th Cir. 1991).

### III.  CONCLUSION

With respect to Mr. Ortega's counsel's motion, the Court finds as follows:

1. Considering the exercise of due diligence, a failure to grant a continuance in this case would deny counsel for Mr. Ortega the reasonable time necessary for effective preparation due to counsel's need for time to review discovery, investigate, draft pretrial motions, and prepare for trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv);

2. A failure to grant a continuance would likely result in a miscarriage of justice pursuant to 18 U.S.C § 3161(h)(7)(B)(i);

3. This case is complex within the meaning of 18 U.S.C § 3161(h)(7)(B)(iii) such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the default 70-day period;

4. The ends of justice will be served by a continuance, and outweighs the interest of the public and Mr. Hartfield and Mr. Ortega in any speedier trial pursuant to 18 U.S.C. § 3161(h)(7)(A); and

5. The additional time requested between the current trial date of July 21, 2025 and November 24, 2025 is necessary to provide counsel for Mr. Ortega reasonable time necessary to complete the tasks set forth above. 18 U.S.C. § 3161(h)(6).

The Court accordingly GRANTS Mr. Ortega's attorney's motion and ORDERS that the trial date be continued to November 24, 2025, and the pretrial motions deadline be continued to

---

[7] As the Government emphasizes, "Hartfield and his co-defendants are all alleged to have 'participated in the . . . same series of acts or transactions . . . constituting an offense,' namely, the conspiracy charged in Count One, with the overt acts charged in Counts Two through Twenty-One." Dkt. No. 127 at 8 (quoting Fed. R. Crim. P. 8(b)).

September 15, 2025. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the date of this Order to the new trial date is EXCLUDED when computing the time within which Defendants' trial must commence under the Speedy Trial Act. For the avoidance of doubt, this period of delay is excluded with respect to both Mr. Hartfield and Mr. Ortega. *See* 18 U.S.C. § 3161(h)(6). Finally, the parties are further ORDERED to meet and confer and propose a status conference (or conferences) no later than June 23, 2025.

Dated this 9th day of June, 2025.

Lauren King
United States District Judge