UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNON G. HARTFIELD et al.,<br><br>Defendants. | CASE NO. 2:22-cr-00176-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MR. HARTFIELD'S MOTIONS IN LIMINE |

This matter comes before the Court on Defendant Shannon Hartfield's Motions in Limine. Dkt. No. 186. For the reasons stated below, the Court grants in part and denies in part the motions.

## I. BACKGROUND

Mr. Hartfield and alleged co-conspirator Michael Keylon Miller-Jimerson face various charges relating to alleged robberies of banks and marijuana dispensaries. *See* Dkt. No. 146.[1] Trial is set for May 4, 2026. *Id.* at 25. Mr. Hartfield timely filed these motions in limine on September 19, 2025. Dkt No. 186; *see also* Dkt. No. 175. He seeks to have certain evidence excluded under

---

[1] The Court provided a detailed factual background in its order continuing trial to May 4, 2026. Dkt. No. 196 at 2–7. It therefore declines to reproduce that detailed background here.

ORDER GRANTING IN PART AND DENYING IN PART MR. HARTFIELD'S MOTIONS IN LIMINE - 1

Federal Rule of Evidence 404(b) and to have his criminal history excluded under Federal Rules of Evidence 403 and 404. Dkt. No. 186 at 4–6. The Government "does not oppose either motion" but filed a response "for additional clarity on its position." Dkt. No. 193 at 1. Mr. Hartfield did not file a reply.

## II.    DISCUSSION

### A.    Legal Standard

Parties may move "to exclude anticipated prejudicial evidence before the evidence is actually offered," *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984), and the Court enjoys "wide discretion in determining the admissibility of evidence," *United States v. Abel*, 469 U.S. 45, 54 (1984). The Court may amend, renew, or reconsider its rulings in limine in response to developments at trial. *Luce*, 469 U.S. at 41–42.

For this motion, the Court is guided by Federal Rules of Evidence 403 and 404. Federal Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 404(a)(1) generally prohibits "[e]vidence of a person's *character or character trait* . . . to prove that on a particular occasion the person acted in accordance with the character or trait," while Rule 404(b)(1) generally prohibits "[e]vidence of any *other crime, wrong, or act* . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404 (emphasis added). Evidence of another crime, wrong, or act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). However, the prosecutor must— in writing prior to trial—"provide reasonable notice for any [other crimes, wrongs, or act] evidence that the prosecutor intends to offer" and must "articulate in the notice the permitted purpose for

which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." *Id.* 404(b)(3).

B. **Motion for Notice Related to Uncharged Crimes or to Exclude Evidence**

According to Mr. Hartfield, investigators have "commented that either Mr. Hartfield or 'members of the conspiracy' are suspected of additional robberies" not currently charged, but the Government "has not provided notice about any use of [those] offenses/bad conduct." Dkt. No. 186 at 4–5. The additional robberies "include but are not limited to" the following:

a) Rite Aid Pharmacy on December 30, 2021
b) Buddy's Pot Shot December 30, 2021
c) The Bakeree Dispensary January 15, 2022
d) American Mary January 15, 2022
e) Green Theory Dispensary January 29, 2022
f) Stash Box Dispensary January 29, 2022
g) Ocean Greens Marijuana Dispensary on February 9, 2022.
h) Evergreen Market Cannabis on February 9, 2022
i) West Seattle Marijuana Store on February 9, 2022
j) Commencement Bay Cannabis on February 9, 2022
k) Zips Cannabis Tacoma on February 10, 2022.
l) Kush 21 Marijuana Dispensary on February 10, 2022
m) Higher Leaf Marijuana Dispensary February 10, 2022
n) Elite Pawn Shop Federal Way February 22, 2022
o) Herbal Nation Marijuana Store February 22, 2022
p) Bellevue Novel Tree Dispensary on March 1, 2022
q) Emerald Leaves March 14, 2022.
r) Young's Quick Stop Deli March 14,[ ]2022
s) Mary Mart March 15, 2022
t) Diamond Green Dispensary March 16, 2022

  u) Commencement Bay Cannabis March 16, 2022

  v) The Bakeree March 19, 2022

  w) World of Weed (Robbery and Homicide) March 19, 2022

  x) Cash America Pawn Shop April 2, 2022

  y) Bellevue Rare Coins April 6, 2022

  z) Harborstone Credit Union June 22, 2022

  aa) Sound Credit Union June 22, 2022

  bb) Chase Bank in June 25, 2022

  cc) Sound Credit Union June 25, 2022

  dd) Salal Credit Union June 25, 2022

  ee) Chase Bank June 27, 2022

  ff) Banner Bank June 27, 2022.

*Id.* at 4–5. Mr. Hartfield asks that the Government "either identify with specificity which uncharged conduct it intends to elicit testimony about and include the permitted purpose of this evidence under FRE 404(b)," or that any "uncharged conduct" be excluded from evidence. *Id.* at 5–6.

  The Government says that it "does not intend to introduce improper character evidence of uncharged robberies" but "may seek to introduce general evidence of other robberies committed by Hartfield, either as direct evidence of the charged conspiracy or for a permissible purpose under Fed. R. Evid. 404(b)(2)." Dkt. No. 193 at 1. As an example of such direct evidence, the Government states that it may offer "conversations between Defendants and potential accomplices" where Defendants allegedly "recruited or attempted to recruit individuals to rob banks and marijuana dispensaries at their direction." *Id.* at 2 (citation modified). The Government also avers that "[t]hese statements are also admissible under Fed. R. Evid. 404(b) to prove motive, preparation, plan, and knowledge," and that "[t]hese and similar facts may be introduced through produced documents and through witness testimony." *Id.* (citation modified).

The Government adds that Mr. Hartfield's co-conspirator, Mr. Miller-Jimerson, is charged with "armed robbery of the Bakeree dispensary on March 19, 2022," for which Mr. Hartfield has not been charged. *Id.* The Government assures that it "does not intend to offer proof that would tie Hartfield to that specific robbery," but it does intend to "introduc[e] evidence of this robbery as it pertains to Miller-Jimerson's guilt, as is appropriate in a joint trial such as this." *Id.* at 2–3.[2]

Considering the parties' representations, Mr. Hartfield's motion is GRANTED with respect to the specific robberies listed above, except the robbery of the Bakeree on March 19, 2022 (unless the Government intends to offer proof tying Mr. Hartfield to that robbery). Dkt. No. 193 at 1. To the extent the Government plans to introduce evidence of these uncharged robberies under Rule 404(b), it must comply with Rule 404(b)(3).[3] No other issues related to notice in Mr. Hartfield's motion appear to constitute a ripe controversy at this juncture, and therefore the remainder of his motion relating to notice is DENIED as premature.

---

[2] The Government also states that it has "provided notice that it may introduce evidence of Hartfield's purchase and ownership of certain vehicles that were present at the charged robberies" and "may seek to introduce evidence that these vehicles were also present at other nearby robberies during the same time period, but agrees to only elicit such evidence if the defense opens the door to the issue." *Id.* The Government suggests that the door could be opened "through cross-examination or the introduction of evidence, that a particular vehicle Hartfield owned was present at one of the charged robberies 'by accident' or 'by coincidence,'"; in that event, the Government would "seek to introduce evidence of the fact that the same vehicle was also present at other robberies during the same time frame" to show "absence of mistake" or "lack of accident," as permitted by Federal Rule of Evidence 404(b)(2). *Id.* This does not appear to be a point of contention between the parties. *See* Dkt. No. 186 at 5–6 n.1.

[3] The Court notes that "[w]hat constitutes reasonable notice of [Rule 404(b) material] depends on the circumstances and complexity of the prosecution." *United States v. Mabry*, No. CV 24-99, 2025 WL 509420, at *2 (W.D. Pa. Feb. 14, 2025) (citation modified); *see also United States v. White*, 816 F.3d 976, 984 (8th Cir. 2016) ("Rule 404(b)'s notice standard is flexible because what constitutes a reasonable disclosure will depend largely on the circumstances of each case." (citation modified)); *United States v. Inniss*, No. 18-CR-134 (KAM), 2019 WL 6117987, at *3 (E.D.N.Y. Nov. 18, 2019) ("A court may provide for a longer notice period, especially in the case of a complex trial, in which the 404(b) evidence is critical to the action." (citation modified)). In general, courts have found that "reasonable notice" under Rule 404(b) is in the range of one to two weeks prior to trial, *see, e.g.*, *United States v. Paul*, 57 F. App'x 597, 607 (6th Cir. 2003) (one week); *Inniss*, 2019 WL 6117987, at *3 (14 days); *United States v. Myles*, No. 22-CR-205 (MJD/TNL), 2023 WL 2368014, at *2 (D. Minn. Mar. 6, 2023) (14 days); *United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) (10 days); *United States v. Aguilar*, No. CR 07-0030 SBA, 2007 WL 4219370, at *4 (N.D. Cal. Nov. 28, 2007) (two weeks).

C. **Motion Seeking Exclusion of Criminal Record**

Mr. Hartfield asks that his criminal history be excluded from the Government's case in chief under Federal Rules of Evidence 403 and 404 as "improper character evidence" that "would be unfairly prejudicial." Dkt. No 185 at 6. The Government states that it "does not intend to reference Hartfield's criminal record at trial, except as outlined above and in its 404(b) disclosure." Dkt. No. 193 at 3.

Mr. Hartfield's motion to exclude his criminal history is granted to the extent it is unopposed. Dkt. No. 186.[4] With respect to the Rule 404(b) evidence, again, if the Government plans to introduce evidence of the robberies listed above (except the robbery of the Bakeree on March 19, 2022) under Rule 404(b), it must comply with Rule 404(b)(3). Any other disputes over permissible uses of Mr. Hartfield's criminal record do not appear to be particularized controversies at this time. *See Droplets, Inc. v. Yahoo! Inc.*, No. 12-CV-03733-JST, 2022 WL 2670188, at *5 (N.D. Cal. Feb. 28, 2022) ("The purpose of a motion in limine is not to obtain a generic ruling that the parties must follow the rules of evidence and civil procedure."). Therefore, the Court GRANTS IN PART and DENIES IN PART as premature Mr. Hartfield's motion seeking exclusion of his criminal record.

Dated this 19th day of November, 2025.

Lauren King
United States District Judge

---

[4] Should Mr. Hartfield testify at trial, the Government may question him about convictions admissible under Federal Rule of Evidence 609.