UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>SHANNON G. HARTFIELD,<br><br>　　　　　　　　Defendant. | CASE NO. 2:22-cr-00176-LK<br><br>ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL |

This matter comes before the Court on the Government's Supplemental Motions in Limine, Dkt. No. 215, and Defendant Shannon Hartfield's Motion to Exclude Hearsay, Dkt. No. 217, as well as the parties' motions to seal, Dkt. Nos. 214, 216, 218, 220, 222, 225. For the reasons stated below, the Court grants the parties' agreed motions in limine, grants in part and denies in part the Government's motions in limine, denies Mr. Hartfield's motion in limine, and grants the parties' motions to seal.

## I.    BACKGROUND

Mr. Hartfield is charged with Conspiracy to Commit Robbery, Attempted Armed Bank Robbery, Armed Bank Robbery, and multiple counts of Robbery, Bank Robbery, and Using a

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 1

Firearm During and in Relation to a Crime of Violence. Dkt. No. 146 at 1–16. The case is set for trial on May 4, 2026. Dkt. No. 196. The Government expects to call several cooperating witnesses, and the present motions address evidentiary disputes related to the cooperating witnesses. Dkt. Nos. 215, 217; *see also* Dkt. No. 211. The individuals relevant to the two motions are:

- GW1: Government Witness #1
- GW2: Government Witness #2
- GW3: Government Witness #3
- GW4: Government Witness #4
- JW: Juvenile Witness
- ███████████████████████

The Court discusses the facts relevant to each motion in limine below.

## II.   DISCUSSION

### A.   Agreed Motions in Limine

The Court grants the parties' agreed motions in limine:

1. ████████████████████████████████████████████ ██████████████████████████ are admissible for impeachment under Rule 609. Dkt. No. 215 at 1–2.

2. GW1's and GW4's misdemeanor convictions are not admissible. *Id.* at 2.

3. GW2's juvenile misdemeanor adjudications are not admissible. *Id.* at 3–5; Dkt. No. 223 at 1.

### B.   The Government's Motions in Limine

1. <u>The Governments First Motion in Limine to Exclude GW4's Juvenile Adjudications Is Granted</u>

The Government moves to exclude any evidence, argument, or testimony related to GW4's prior juvenile adjudications under Rule 609. Dkt. No. 215 at 2–3, 5–6. GW4███████████ ███████████████████████████████████████████████████████████████████████

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 2

███████  Dkt. No. 215 at 6. The defense seeks to cross-examine GW4 about the following crimes for which he was convicted as a juvenile "to raise credibility issues":



1.
2.
3.
4.
5.

Dkt. No. 223 at 1–2. ██████████████████████████ *Id.* at 2; Dkt. No. 215 at 6.[1]

Federal Rule of Evidence 609(d) "creates a presumption that evidence of juvenile adjudications is generally not admissible." *United States v. Williams*, 963 F.2d 1337, 1341 (10th Cir. 1992). Such evidence is admissible to attack a witness's character only if "an adult's conviction for that offense would be admissible to attack the adult's credibility" and "admitting the evidence is necessary to fairly determine guilt or innocence." Fed. R. Evid. 609(d)(3)–(4).

An adult witness's conviction that occurred within the last 10 years would be admissible to attack his credibility if (1) "establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement," or (2) the crime was punishable by death or more than one year of imprisonment and Rule 403 would permit the admission of the conviction. Fed. R. Evid. 609(a).

Whether evidence of a juvenile adjudication is necessary to fairly determine guilt or innocence turns on whether the defense has effective means, other than juvenile adjudications, of attacking the witnesses' credibility or probing for bias. *Williams*, 963 F.2d at 1341 (no error when district court prohibited evidence regarding specific juvenile adjudications because "substantial

---

[1] The Government initially argued that ████████████████████████████ ," Dkt. No. 215 at 6, but abandoned this argument on reply, Dkt. No. 226, after Mr. Hartfield asserted that ███████████████████, Dkt. No. 223 at 2.

evidence was introduced to attack the witnesses' credibility," including that the witness "was a drug dealer who had sold crack for defendants; that he lied to police concerning his whereabouts; that he was incarcerated at the time of trial on a charge of aggravated burglary; and that he had a juvenile record"). Therefore, courts consider a defendant's "ability to effectively cross-examine witnesses" and whether that would be "substantially impaired by the exclusion of evidence of prior crimes." *Id.*

As to whether the evidence is necessary to fairly determine guilt or innocence, Mr. Hartfield contends in conclusory fashion that the strategic importance of GW4 "'may be so great as to require the overriding of general policy in the interests of particular justice'" because Dkt. No. 223 at 2 (quoting Fed. R. Evid. 609(d) advisory committee's note to 1972 proposed rules).

The Government responds that there is "other, more probative evidence of GW4's credibility," including that and that Mr. Hartfield may "inquire Dkt. No. 226 at 2.

The Court agrees with the Government and finds that Mr. Hartfield has not overcome the presumption against admitting evidence of juvenile adjudications for three independent reasons. First, Mr. Hartfield has not established that any of the felonies would be punishable by more than one year in prison as set forth in *United States v. Valencia-Mendoza*, 912 F.3d 1215, 1224 (9th

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 4

Cir. 2019). Second, although Mr. Hartfield emphasizes that GW4's testimony is so significant that it should overcome the presumption, his brief is bereft of any explanation of this supposed significance. *See generally* Dkt. No. 223. Third, Mr. Hartfield has ample evidence that he may use to attack the credibility and motives of GW4. This evidence includes (1) that ███████████████ ████████████, (2) that ██████████████████████████████████████████████████ ████████████████████, and (3) ████████████████████████████████████████████ ████████████████████████████████ Dkt. No. 215-1 at 3. All of that recent evidence is more probative ██████████████████████████, considering its recency and relation to the charged crimes. It will therefore provide the jury with sufficient information to assess GW4's credibility, possible bias, and motives.[2] Accordingly, the Court grants the Government's first motion in limine, and GW4's juvenile adjudications will be excluded.

2. The Government's Second Motion in Limine to Exclude Reference to ████████ ████████ Is Granted

The Government moves to exclude any reference to ██████████████████████████ under Rules 401, 402, and 403." Dkt. No. 215 at 6. █████████████████████████████ ██████████████████ *Id.* at 7; *see also* Dkt. No. 221-2 at 4–5. ████████████████████

---

[2] *See e.g.*, *United States v. Call*, 73 F. App'x 268, 271 (9th Cir. 2003) (exclusion of juvenile adjudication appropriate when "jury heard testimony about [the witness's] numerous adult convictions, as well as his testimony about his own activities selling crack and his reduced sentence on [a] bank robbery conviction because of his cooperation"; this information armed the jury with "sufficient information with which to appraise [the witness's] possible bias and motives" (citation modified)); *United States v. McGuire*, 200 F.3d 668, 679 (10th Cir. 1999) (exclusion of juvenile adjudication appropriate when defendant "effectively attacked [the witness's] credibility, bias, and motives without reference to [the witness's] juvenile adjudications"); *United States v. Mangual-Corchado*, 139 F.3d 34, 43 n.23 (1st Cir. 1998) (no abuse of discretion in excluding evidence of juvenile adjudications because witness "had already admitted to a litany of fabrications and acknowledged his generous plea agreement with the government," making "the proposed cross-examination . . . cumulative and minimally probative"); *United States v. Jones*, No. CR406-038, 2008 WL 1744422, at 1–2 (S.D. Ga. Apr. 14, 2008) (excluding evidence of juvenile adjudications when defendant had "ample evidence with which to impeach [the witness] for bias without resort to her juvenile record," including that the witness "was charged as defendant's co-defendant and made a plea bargain with state authorities to testify against him with respect to a shooting during an attempted armed robbery"); *cf. United States v. Gonyer*, No. 1:12-CR-00021-JAW, 2012 WL 3043015, at *2 (D. Me. July 24, 2012) (admitting evidence of juvenile adjudication when "the minor witness [was] the central witness in the Government's case" and "[a]s the sole victim of the charges . . . it [was] this minor witness's credibility that [was] critical to determining whether the Government ha[d] made its case").

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 5



Dkt. No. 215 at 7.

*Id.*; *see also* Dkt. No. 221-2 at 6, 11.

Dkt. No. 215 at 7. The Government argues that this evidence is "not probative, and will only serve to confuse the jury, cause undue delay, and prejudice the jury against GW1." *Id.*

Mr. Hartfield claims that GW1 provided three inconsistent accounts of how was connected to the robbery on February 17, 2022:

1.

Dkt. No. 221 at 4 (citing counsel's summarization of and improper added commentary , Dkt. No. 221-1 at 5).[3] According to Mr. Hartfield,

*Id.* at 4–5 (again citing counsel's summarization/ commentary, Dkt. No. 221-1 at 4–5).

_____

[3] The Court is not aware of anything that prevented Mr. Hartfield from providing the audio file to the Court in compliance with the best evidence rule and Local Criminal Rule 12(a)'s requirement to support factual assertions with competent evidence. Fed. R. Evid. 1002; CrR 12(a). As a result, the Court disregards this "evidence." However, even if it considered this portion of counsel's declaration, its ruling on the motion in limine would be the same.

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 6



As the Government argues, ██████ and "[e]ven if [Mr.] Hartfield successfully impeaches GW1 ██████ , ██████ would not be relevant to that impeachment." Dkt. No. 226 at 7. ██████

██████ Dkt. No. 221 at 5 (again citing counsel's summarization/ commentary, Dkt. No. 221-1 at 6).

2.  ██████ ██████ ██████ ██████," [4] ██████ ██████ ██████ Dkt. No. 215-3 at 4, 8–9; Dkt. No. 221-2 at 7. [5]

3.  ██████ ██████ ██████ Dkt. No. 221 at 7 (citing Dkt. No. 221-3 at 13). ██████

---

[4] The excerpted versions ██████ do not explain ██████ ██████ . *See generally* Dkt. Nos. 221-2, 215-3.

[5] In violation of Local Criminal Rule 12(e)(8), the parties failed to mark their exhibits "to designate testimony or evidence referred to in [their] filings." *See, e.g.*, Dkt. Nos. 215-3, 215-4, 221-2, 221-3.

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 7

███████████████████████████████████████████████████

███████████████████████████████████████ *Id.* at 7 (citing Dkt. No.

221-3 at 14–15).

Mr. Hartfield argues that "[t]here is no way to fully explore" GW1's bias, motivations, and inconsistent statements "without referencing GW1's knowledge of ██████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████ Dkt. No. 221 at 1–2. Mr. Hartfield also contends that GW1's

████████████████████████ may be used to impeach him, and that excluding the topic

during cross-examination would violate his Sixth Amendment confrontation rights. *Id.* at 7–10.

According to the Government, ████████████████████████████████

████████████████████████████████████████████████

██████████ Dkt. No. 226 at 3. The Government does not seek to exclude "any evidence or

potential cross examination relating to the February 17, 2022, robberies, including . . . ████

████████████████████████████████████," and does not object to

Mr. Hartfield "point[ing] out that ████████████████████████████

████████████████████████████████████████████████

██████ *Id.* at 2–3. The "narrow scope of what the government moves to exclude" is discussion

about ███████████████████. *Id.* at 2.

*(a) Relevance*

The Court starts with relevance. Fed. R. Evid. 401. The Government argues that the ████

██████████ is not relevant because ████████████████████████████

████████████████████████ Dkt. No. 215 at 7. Mr. Hartfield disagrees, arguing

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART
GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING
MOTIONS TO SEAL - 8

that the ███████████████████████████████████

███████████████████████████████████████ ” Dkt. No. 221 at 9, and is "highly

relevant to show bias, ███████████████████████████████████

███████████████████████████████████ ," *id.* at 2. The Government responds that any

inference about ██████████████████████████████████ is "at best pure

speculation" because:

- ███████████████████████████████████████████

  ████████[6]

- ███████████████████████████████████████████

  ████████████████████████████ Dkt. No. 226 at 5 (citing Dkt. No. 226).

- ███████████████████████████████████████████

  ███████████████████████████████████████████

  ███████████████████████████████████████████

  ███████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

The Court agrees with the Government that ███████████████████████████

██████████████████████████████████████████████

███████████████████████████████████ Furthermore, it is far from clear that

---

[6] In violation of Local Criminal Rule 12(e)(6), the Government failed to cite to the specific part of the record to which its briefs refer.

████████████████████████████████████████████████

███████. ███████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ Dkt. No.

221-3 at 15. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████ Furthermore, Mr. Hartfield does not establish the relevance of ██

████████████████ to GW1's credibility. As discussed below, Mr. Hartfield can adequately

probe GW1's credibility without mentioning ██████████.

(b) Rule 403

Turning to Federal Rule of Evidence 403, a court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Government argues that ██████████████████ should be excluded because it "will only serve to confuse the jury, cause undue delay, and prejudice the jury against GW1." Dkt. No. 215 at 7. The Government avers that "questioning GW1 about ██ ██████ will devolve into a mini trial on an unrelated event," including on allegations that "GW1 █████████████████ when "there is no evidence to support that claim," causing "a significant distraction from the true issues in this case." Dkt. No. 226 at 8–9. Moreover, the Government argues, ████████████████████████████████████████

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 10

████████████████████████████████████████ *Id.* at 9. Mr. Hartfield responds that the evidence is "particularly probative" because GW1 ████████████ ████████████████████████████████████ ███████████████████████████████████████ Dkt. No. 221 at 9.

Even if ████████████████ were relevant (it is not), its probative value would be minimal. According to Mr. Hartfield, ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████. For example, Mr. Hartfield could ask GW1 █ ████████████████████████████████████████ ███████████████████████████ Dkt. No. 221-3 at 15.

Furthermore, the Court shares the Government's serious concerns that inquiry into █ ████████████████████ will distract the jury and create undue prejudice against GW1. In particular, the disputed facts around ████████ may require the court to "conduct a mini-trial" that "will result in distraction and jury confusion." *United States v. Park*, No. CR 08-00220 MMM, 2008 WL 2338298, at *7 (C.D. Cal. May 27, 2008) (excluding evidence in criminal trial given that the disputed facts related to an issue that was only "indirectly probative"). Reference to ████████ may cause the jury to speculate about ████████████████, an exercise that would both distract the jury and potentially prejudice it against GW1. *See United States v. Cabrera*, 83 F.4th 729, 736 (9th Cir. 2023) ("[T]he district court's concern about distracting the jury was reasonable" when the excluded testimony would have "invited" the jury "to speculate" about information not material to liability). This concern is underscored by the gravity of ████████ *Cf.* ████████████████████████████████████████

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 11

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████

Considering the above, the Court finds that the probative value of ████████ ██████ is substantially outweighed by a danger of unfair prejudice, confusing the issues, and misleading the jury under Federal Rule of Evidence 403.

*(c) Confrontation Clause*

Mr. Hartfield argues that the Confrontation Clause accords him the right to reference ██ ██████ Dkt. No. 221 at 7–8. "The Sixth Amendment's Confrontation Clause 'guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him.'" *United States v. Alahmedalabdaloklah*, 94 F.4th 782, 816 (9th Cir. 2024) (quoting *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc)). This includes "the right of effective cross-examination . . . about topics that might reasonably lead a jury to question [a] witness's reliability or credibility," *id.* at 822 (internal quotation marks and citations omitted), and "the right to impeach [a] witness by cross-examination directed toward revealing possible biases, prejudices, or ulterior motives," *Gibbs v. Covello*, 996 F.3d 596, 601 (9th Cir. 2021) (internal quotation marks and citations omitted). The Ninth Circuit has "emphasized the policy favoring expansive witness cross-examination in criminal trials because the Sixth Amendment commands that reliability be assessed in a particular manner: by testing in the crucible of cross-examination." *Alahmedalabdaloklah*, 94 F.4th at 823 (citation modified).

However, a defendant does not have "an unlimited right to cross-examination that is effective in whatever way, and to whatever extent" he wishes. *Id.* (citation modified). Indeed, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 12

limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also United States v. Dadanian*, 818 F.2d 1443, 1449 (9th Cir. 1987) (a court may limit "counsel's inquiry into the potential bias of a prosecution witness . . . based on concern about confusion of the issues or where the interrogation is repetitive or only marginally relevant"), *abrogated on other grounds by United States v. Monroe*, 943 F.2d 1007 (9th Cir. 1991).

To determine whether the Confrontation Clause requires that a line of questioning be permitted, courts consider three factors:

> (1) [whether] the excluded evidence [is] relevant; (2) [whether] there [are] other legitimate interests outweighing the defendant's interest in presenting the evidence; and (3) [whether] the exclusion of evidence [would leave] the jury with sufficient information to assess the credibility of the witness.

*Larson*, 495 F.3d at 1103.

As discussed above, the Court finds ███████████████ to be irrelevant, and even if it were relevant, its minimal probative value is substantially outweighed by other legitimate interests. The Court now considers whether the exclusion of reference to ████████████ leaves "the jury with sufficient information to assess the credibility of the witness." *Id.*

Mr. Hartfield argues that the "connection between ███████████ and the February 17th robberies ███████████████████████ is "highly relevant to [GW1's] bias and credibility" and is "impeachment material ████████████ ████████████████████ Dkt. No. 221 at 8. According to Mr. Hartfield, ████ ████████████████████████████ ███████, making this line of cross-examination constitutionally protected." *Id.* The Government responds that "the jury will already have sufficient information to assess GW1's

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 13

credibility" without reference to ████████ because ████████████████

████████████████████████████████

████████████████ Dkt. No. 226 at 3.

As noted above, the jury will have sufficient information to assess GW1's credibility without reference to ████████████, including for purposes of impeachment and Federal Rule of Evidence 608. Mr. Hartfield can cross examine GW1 about ████████

████████████████████████████████

████████████████████████████████

Queries of GW1 in these areas will provide the jury with abundant evidence on GW1's credibility and biases. ████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████ [7]

Accordingly, the Court grants the Government's second motion in limine.

---

[7] Mr. Hartfield states that "████████████████████████ constitute classic prior inconsistent statements that are admissible for impeachment under Federal Rule of Evidence 613." Dkt. No. 221 at 9. As the Government argues, "[i]f it becomes permissible to ████████████████ ████████████" Dkt. No. 226 at 8.

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 14

3. The Government's Third Motion in Limine to Exclude Evidence of ██████████ ██████ is Granted

The Government moves "to exclude any testimony, evidence, or argument about the length of GW1's state sentence ████████████████ under Rule 403." Dkt. No. 215 at 9. The Government argues that this "state sentence ███████████████████████████████," *id.*, ███████████████████████████████ ███████████████████████████████████ Dkt. No. 226 at 10. The Government specifies that ████████████████████ ███████████████████████████████ ██████████████████ Dkt. No. 215-1 at 5–6. Therefore, his state sentence is "irrelevant to the current prosecution and should be excluded under Rule 403," Dkt. No. 226 at 12, because it "will only serve to confuse and mislead the jury," Dkt. No. 215 at 9.

Mr. Hartfield disagrees, arguing that the ███████████████████████ ███████████████████████████████████ ███████████████████████████████████ ████ Dkt. No. 223 at 4. According to Mr. Hartfield, ██████████████████ ███████████████████████████████████ *Id.* "Instead GW1 ██████████████████████" and ██████████████████ ███████████████████████████████████ ██████████████████ *Id.* Thus, "[t]his goes to witness bias and should be allowed as a permissible area of cross examination." *Id.*

"[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994). As a general matter,

"jurors are not informed of mandatory minimum or maximum sentences, nor are they instructed regarding probation, parole, or the sentencing range accompanying a lesser included offense." *Id.* at 586–87. Furthermore, here there is an added risk of jury nullification because GW1 was involved in the same alleged conspiracy as Mr. Hartfield, and the jury may infer that Mr. Hartfield now faces the same sentencing range. *See United States v. Cropp*, 127 F.3d 354, 359 (4th Cir. 1997) ("Against whatever slight additional margin of probative information gained by quantitative questions, we must weigh the certain prejudice that would result from a sympathetic jury when it learns that its verdict of guilty will result in sentences of ten and twenty years in prison."); *United States v. Jones*, No. CR 23-00017 HG-02, 2024 WL 5170284, at *2 (D. Haw. Dec. 18, 2024) ("Examination of co-conspirators about potential sentences is particularly prejudicial because it may lead to jury nullification where the charges are similar or the same as the charges faced by the defendant at trial.").

Nevertheless, a defendant may explore a witness's motives for providing particular testimony, ███████████████████████████████████████████████████████ ███████████████████████. Based on the particular circumstances in this case, Mr. Hartfield may inquire with GW1 concerning ███████████████████████████████ ████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ and Mr. Hartfield may also ask GW1 if he believes he will receive any benefit from testifying in this case. However, counsel must steer clear of asking about or otherwise mentioning specific sentencing ranges. *See Cropp*, 127 F.3d at 358 (affirming trial court's prohibition of questions about cooperating witnesses' specific penalties at stake, including questioning as to specific sentencing guideline ranges and maximum total sentences expected); *Jones*, 2024 WL 5170284, at *2–3; *see also United States v. Gradinariu*, 283 F. App'x 541, 543 (9th Cir. 2008) (district court did not err

when it precluded defense counsel from cross-examining cooperating witness regarding the mandatory minimum sentence he faced but for his cooperation, because "[t]here was sufficient evidence before the jury for them to know" that the witness was receiving a benefit for testifying).

In sum, the Government's motion to exclude reference to the length of GW1's state sentence ███████████████ is granted; provided, however, that Mr. Hartfield may make the inquiries described above.

4. The Government's Fourth Motion in Limine to Exclude Reference to ███████ ███████████ Is Denied

The Government moves to "exclude any reference to ███████████████ ███████████████." Dkt. No. 215 at 9. According to the Government, "[a]s part of the charged conspiracy, ███████████████████████████████ ███████████████████████████" *Id.* ███████████████ ███████████████████████ *Id.* "███████████████████ ███████████████████████████ *Id.* ███████████ ███████████████████████ *Id.* ███████████████ ███████████████ *Id.* ███████████████████████████ ███████████████████████████ ███████████████. Dkt. No. 215-5 at 5. ███████████████ ███████████████████████████ ███████████████████████████ ███████████████. Dkt. No. 215-6 at 2. ███████████ ███████████████████████████



Dkt. No. 215 at 11.

Dkt. No. 226 at 12–13.

Mr. Hartfield responds that ▮▮▮▮▮▮ is relevant to potential bias and should be explored on cross examination because ▮▮▮▮▮▮

Dkt. No. 223 at 5–6.

*Id* at 5.

*Id.* at 5–6.

The Court agrees with Mr. Hartfield that ▮▮▮▮▮▮ is relevant to GW2's potential bias. ▮▮▮▮▮▮

Dkt. No. 223 at 5–6.

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████[8]

Finally, given Mr. Hartfield's representation that he "does not need to go into great detail with ██ ████████ Dkt. No. 223 at 5, the Court does not find that the probative value of this information "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Therefore, reference to █████████████████████ will not be excluded.

## C.    Mr. Hartfield's Motion in Limine

Mr. Hartfield moves to exclude "a hearsay statement relayed to a cooperating witness by another alleged co-conspirator who is not expected to testify." Dkt. No. 217 at 1. The statement at issue would be introduced through ██ and was purportedly made by a coconspirator referred to as █████ who is not expected to testify. *Id.* at 2–3, 72. ████████████████ ███████████████████████████████████████████████ ████████████████████████████████████████ *Id.* at 2–3, 23. ██████ ██████████████████████████████████████████████████ ████████████████████████████████████████. *Id.* at 3, 23–27, 29–36.

Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy." Therefore, before a statement may be admitted, the proponent must show that: (1) "a conspiracy existed at the time the statement was made"; (2) "the defendant had knowledge of, and participated in, the

---

[8] Although the Government "previously agreed that it would not seek to admit evidence of [██████████ ███████] due to concern about its prejudicial value," it states that "[i]f Hartfield chooses to open that door" at trial, it "will produce evidence of █████████████ as part of the charged conspiracy" in its case in chief. Dkt. No. 226 at 13.

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 19

conspiracy"; and (3) "the statement was made in furtherance of the conspiracy." *Alahmedalabdaloklah*, 94 F.4th at 833–34 (quoting *United States v. Bowman*, 215 F.3d 951, 960–61 (9th Cir. 2000)). Mr. Hartfield does not dispute the first two elements, but contends that the statement was not made "in furtherance of the conspiracy." Dkt. No. 217 at 4.

In general, "mere conversations between coconspirators, or merely narrative declarations among them, are not made in furtherance of a conspiracy," *United States v. Larson*, 460 F.3d 1200, 1211 (9th Cir. 2006) (citation modified), but statements "made to reassure members of a conspiracy's continued existence," those "made to allay a coconspirator's fears," and those "made to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the 'in furtherance' of requirement," *United States v. Yarbrough*, 852 F.2d 1522, 1535–36 (9th Cir. 1988) (citation modified). "In determining whether a statement tends to further the objectives of the conspiracy, the statement should be examined in the context in which it is made." *United States v. Andersson*, 813 F.2d 1450, 1456 (9th Cir. 1987).

Mr. Hartfield contends that the statement at issue was not made in furtherance of the conspiracy because it was idle chatter. Dkt. No. 217 at 4. He argues that ███████████████ ██████████████████████████████████████████████████████ did not materially further the alleged conspiracy's goals at that point in time." *Id.* Instead, it "was a mere narrative description of one alleged co-conspirator ████ with another ████." *Id.* Mr. Hartfield also asserts that the statement was not in furtherance of the conspiracy because the alleged conspiracy was not about ████████████████████. *Id.*

In its opposition, the Government adds color to the circumstances. At the time of the March 11, 2022 robbery, ███████████████████████████████████████████████ Dkt. No. 219 at 4; *see also* Dkt. No. 217 at 13, 15–16. ███████████████████████ ████████████████████████████████████████████████████████

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 20

█████ Dkt. No. 217 at 13–16, 19. ████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████ Dkt. No. 219 at 4; *see also* Dkt. No. 217 at

22–23. ██████████████████████████████████████ Dkt. No. 219 at 4;

*see also* Dkt. No. 217 at 23. ████████████████████████████████████████

██████████████████████████████████████████████████████████ Dkt. No.

219 at 4; Dkt. No. 217 at 36. ████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████ Dkt. No. 219 at 4.

Considering the facts laid out above, it does not appear that ██████████████████

██████████████████████████ was idle chatter. Instead, the context in which this statement

was made—████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████—establishes that ████ statement was likely made to reassure ██, to allay any

apprehension from ██, and to keep ██ abreast of the conspiracy's ongoing activities (namely, to

inform ████████████████████████████████████████████████████████).

*See Andersson*, 813 F.2d at 1456; *Yarbrough*, 852 F.2d at 1535–36.

████████████████████████████████████████████████████████

████████████████████████████████ Dkt. No. 217 at 2, 19–20. ████████████

████████████████████████ *Id.* at 2, 20. ████████████████████████

██████████████████████████████████████ *Id.* at 2, 19–20. ██████████

████████████████████████████████████████████████████████████████████

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART
GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING
MOTIONS TO SEAL - 21

██████████████████████████████████████████ *Id.* at 25. ██████████

██████████████████████████████████████ *Id.* at 2, 21. ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████ *Id.* at 2–3, 23–27, 29–36. Those facts, ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████ strongly suggest that ██████ statement was made in furtherance of the conspiracy. *See, e.g.*, *United States v. Pena-Espinoza*, 47 F.3d 356, 360–61 (9th Cir. 1995) (asking "where the stuff came from, referring to the cocaine that [he] bought yesterday" was made in furtherance of conspiracy on the basis of "other evidence in the record," such as "wiretap transcripts, a drug courier's several visits to [defendant's] house just prior to making deliveries, and the defendant's presence during one of [the] drug purchases"); *Andersson*, 813 F.2d at 1456 (statement of one coconspirator to a second was made in furtherance of conspiracy because the first sought to keep the second "abreast of the coconspirator's activities . . . because the record reveals that [the second coconspirator] had a continuing role in the conspiracy"; the first coconspirator asked "what was going on," to which the second replied "Nothing. They just want to know if he's doing O.K. or if everything is going O.K."); *United States v. Moody*, 778 F.2d 1380, 1382–83 (9th Cir. 1985) (statement by coconspirator that defendant "would procure the marijuana in Thailand" was made in furtherance of the conspiracy when "made to one who possessed a substantial interest in the continuing operation of the conspiracy and who participated in the planning stages of its marijuana smuggling"; the Court could not "accept the contention that [the coconspirator] engaged in idle conversation when he told [another coconspirator] that [defendant was] the [party] who, according to plan, would travel to Thailand to procure the

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 22

marijuana for the Company to smuggle"); *United States v. Eaglin*, 571 F.2d 1069, 1083 (9th Cir. 1977) (statement by coconspirator that defendant "had given him the false identification" was "made to keep [other coconspirator] abreast of the conspirators' activities, to induce [coconspirator's] continued participation in the conspiracy, or to allay her fears and, as such, were made 'in furtherance' of the conspiracy"). Accordingly, the Court will allow ███ to testify about ██████████████████████████████████████████ as it is an admissible statement by a co-conspirator under Federal Rule of Evidence 801(d)(2)(E).

**D.    The Parties' Motions to Seal**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*, No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The documents at issue contain extensive discussion and excerpting of grand jury testimony and are replete with information about cooperating witnesses, including juveniles. *See* Dkt Nos. 214, 214-1 216, 216-1, 218, 218-1, 220, 220-1, 222, 222-1, 225, 225-1. As set out in this District's General Order 12-23, "protecting materials related to a defendant's cooperation serves a compelling interest to protect the safety of those defendants; without such measures, there is a substantial probability that the safety of cooperating defendants will be compromised; and there are no alternatives that would adequately protect the safety of cooperating defendants or

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 23

informants." *See also* LCrR 49.1(d)(9) (requiring materials relating to a defendant's cooperation to be filed under seal). Moreover, Federal Rule of Criminal Procedure 6(e)(6) provides that "[r]ecords . . . relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." *See also* LCrR 49.1(d)(1) (requiring materials related to grand jury matters to remain under seal).

Having reviewed each of the filings, the Court finds that they are replete with sensitive and confidential information. Sealing the requested documents would serve a compelling interest that is substantially likely to be harmed if the documents are not sealed, and there are no less restrictive means of doing so. The filings at docket numbers 215, 217, 219, 221, 223, and 226 may remain under seal.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. The parties' agreed motions in limine are GRANTED.

2. The Government's first motion in limine is GRANTED.

3. The Government's second motion in limine is GRANTED, and the Court has identified acceptable cross-examination topics.

4. The Government's third motion in limine is GRANTED, and the Court has identified acceptable cross-examination topics.

5. The Government's fourth motion in limine is DENIED.

6. Mr. Hartfield's motion in limine is DENIED.

7. The parties' motions to seal are GRANTED.

Dated this 20th day of April, 2026.

Lauren King
United States District Judge

ORDER GRANTING AGREED MOTIONS IN LIMINE; GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTIONS IN LIMINE; DENYING DEFENDANT'S MOTION IN LIMINE; GRANTING MOTIONS TO SEAL - 24