UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>     v.<br><br>SHANNON G. HARTFIELD,<br><br>                         Defendant. | CASE NO. 2:22-cr-00176-LK<br><br>ORDER GRANTING AGREED MOTIONS TO SEAL DEFENDANT'S TRIAL BRIEF SUPPLEMENT AND GOVERNMENT'S RESPONSE |

This matter comes before the Court on Defendant Shannon Hartfield's Agreed Motion to Seal, Dkt. No. 245, and the Government's Agreed Motion to Seal, Dkt. No. 251.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Despite the public's presumptive right of access to documents in criminal proceedings, a document may remain under seal "when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest." *United States v. Parson*,

ORDER GRANTING AGREED MOTIONS TO SEAL DEFENDANT'S TRIAL BRIEF SUPPLEMENT AND GOVERNMENT'S RESPONSE - 1

No. 3:15-cr-05262-DGE, 2022 WL 558221, at *2 (W.D. Wash. Feb. 24, 2022) (citing *United States v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017)).

The documents at issue are replete with information about cooperating witnesses. *See* Dkt Nos. 246, 252. As set out in this District's General Order 12-23, "protecting materials related to a defendant's cooperation serves a compelling interest to protect the safety of those defendants; without such measures, there is a substantial probability that the safety of cooperating defendants will be compromised; and there are no alternatives that would adequately protect the safety of cooperating defendants or informants." *See also* LCrR 49.1(d)(9) (requiring materials relating to a defendant's cooperation to be filed under seal). Having reviewed each of the filings, the Court finds that they contain sensitive and confidential information. Sealing the requested documents would serve a compelling interest that is substantially likely to be harmed if the documents are not sealed, and there are no less restrictive means of doing so. The filings at docket numbers 246 and 252 may remain under seal.

Dated this 30th day of April, 2026.

Lauren King
United States District Judge

ORDER GRANTING AGREED MOTIONS TO SEAL DEFENDANT'S TRIAL BRIEF SUPPLEMENT AND GOVERNMENT'S RESPONSE - 2