UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>SHANNON G. HARTFIELD,<br><br>          Defendant | CASE NO. 2:22-cr-00176-LK<br><br>AMENDED PRETRIAL ORDER |

## AMENDED PRETRIAL ORDER

Changes to the prior pretrial order are in redline below.

Dated this 30th day of April, 2026.

Lauren King
United States District Judge

AMENDED PRETRIAL ORDER - 1

**1.  Trial Schedule**

    **a.  Trial date:** May 4, 2026

    **b.  Estimated length of trial:** 15 to 24 days.

    **c.  Daily schedule:**

        i.  9:00 a.m. to 12:00 p.m. with 15-minute break mid-morning. 9am.

        ii.  1:00 p.m. (jury to vote on 1:00 or 1:30 p.m.) to 4:30 p.m. with 15-minute break mid-afternoon.

**2.  Pretrial Motions**

| | |
|---|---|
| G's MILs, Dkt. No. 176 | MIL 1 granted: Non-exempt witnesses excluded from the courtroom unless their testimony has been completed. Dkt. No. 197.<br><br>MIL 2 granted in part and deferred in part (see below): any mention of Mr. Hartfield's possible punishment is excluded; deferred as to cooperators. *Id.*<br><br>MIL 3 granted: Government is permitted to recall case agent on one occasion, excluding any rebuttal testimony, to allow for the orderly and sequential presentation of evidence in a manner helpful to the jury. The Government will give the defense notice of the discrete robberies that the case agent will testify about during each segment so the defense can be prepared for cross examination. *Id.* |
| D's MILs, Dkt. No. 186 | MIL 1 granted in part and denied in part as premature: To the extent the Government plans to introduce evidence of uncharged robberies under Rule 404(b), it must comply with Rule 404(b)(3). Dkt. No. 199; *see also* Dkt. No. 228 regarding Government's Supplemental MIL 4.<br><br>MIL 2 granted in part and denied in part as premature: Mr. Hartfield's request to exclude his criminal history is granted to the extent it is unopposed, subject to Rules 404(b) and 609. Dkt. No. 199. |
| D's Mtn to Sever Counts, Dkt. No. 180 | Denied. Dkt. No. 200. |
| D's Mtn to Suppress Phone Records, Dkt. No. 185 | Denied. Dkt. No. 201. |
| Agreed MILs, Dkt. No. 215 | Granted. Dkt. No. 228.<br><br>  1.  Certain of GW1's adult convictions ███████ ████████████ are admissible for impeachment under Rule 609.<br><br>  2.  GW1's and GW4's misdemeanor convictions are not admissible.<br><br>  3.  GW2's juvenile misdemeanor adjudications are not admissible. |
| G's Supplemental MILs, Dkt. No. 215 | MIL 1 granted. GW4's juvenile adjudications are excluded. Dkt. No. 228.<br><br>MIL 2 granted. Reference to ████████████ is excluded. *Id.*<br><br>MIL 3 granted. Reference to the length of GW1's potential or actual state sentence is excluded. *Id.* |

AMENDED PRETRIAL ORDER - 2

| | MIL 4 to exclude reference to ████████████████ denied. *Id.* |
|---|---|
| D's Supplemental MIL, Dkt. No. 217 | Motion to exclude hearsay statement denied. Dkt. No. 228. |
| G'S Oral Motion in Limine | Motion to exclude reference to ████ sentencing exposure granted in part and denied in part. For the reasons set forth in *United States v. Larson*, 495 F.3d 1094, 1103–07 (2007), *United States v. Tones*, 759 F. App'x 579, 585 (9th Cir. 2018); and *United States v. Nickle*, 816 F.3d 1230, 1235–37 (9th Cir. 2016), the Defense may reference the aggregate mandatory minimum ████ faced absent his plea (14 years) relative to the exposure he now faces (7 years with the possibility of a further reduction if he fulfills his cooperation agreement); provided, however, that the Defense must not (and need not) go into non-aggregated specific potential penalties for specific offenses. The Defense can elicit the fact that ████ may face 14 years in mandatory minimums (or "significant" penalties) if his plea agreement falls through, but may not refer to maximum penalties, to otherwise uncertain penalties, or to penalties for specific offenses. The Defense may also refer to the non-prosecution provision of the plea agreement and ask if ████ thought he could face significant penalties for the non-prosecuted crimes, but may not get into the details of those crimes or any specific sentencing range or maximum penalty. |

3.  **Remaining Issues/Issues for Trial:**

    a.  Jury instructions – see Appendix B for chart

    b.  Rachel Forbes' Daubert hearing will occur earlier in the day on the day that she testifies, likely the week of May 18.

    c.  Stipulations:

        i.  Rachel Forbes used the known fingerprints of Shannon George Hartfield to compare with certain latent prints identified on the bank demand note obtained by law enforcement on May 26, 2022, from the Seattle Credit Union. Dkt. No. 213.

    d.  Charts and summaries – Any objections should ideally be raised with the Court ahead of time so that the Court can rule on the dispute outside of trial hours.

        i.  Parties to confer on Government's chart of the 13 charged incidents.

    e.  World of Weed and 404(b).

        i.  Parties to confer on this and possible limiting instruction(s).

    f.  Voir dire – Court's general voir dire below with additional changes in bold font (see Appendix A).

    g.  Supplemental briefing was submitted – see order in table above.

4.  **Food and Drink:** Court has issued a food and drink order. Dkt. No. 242.

AMENDED PRETRIAL ORDER - 3

**5. Jury Selection**

    **a.** Panel of ~60 has been called

    **b.** 12 jurors + 4 alternates (alternates chosen by lottery before deliberations)

    **c.** Voir dire

        i. Time allowed for attorney questioning: 45 minutes per side (Hartfield may reserve some of his 45 minutes for follow-up questions after Government's voir dire). Note that the *defense* will be the party to go first, with an opportunity for rebuttal during voir dire.

        ii. Seating during voir dire – venire seated in gallery and jury box. (Counsel may move chairs to face jury.)

        iii. Guidance for voir dire: During the attorney questioning, the Court will not allow questions that:

            1. Have already been asked;

            2. Anticipate instructions on the law which have not yet been given;

            3. Ask a juror to speculate or comment on his/her verdict if certain facts are proved or otherwise stake out a juror's position given a hypothetical set of facts;

            4. Are in substance arguments of the case or ask a juror to prejudge the case;

            5. Solicit a juror's opinion as to law or legal terms;

            6. Are clearly irrelevant or seek to establish improper rapport with a juror; or

            7. Are grossly unfair or embarrassing to the juror, and where the average juror cannot know the answer.

    **d.** Challenges for cause or *Batson* challenges are to be made following voir dire and outside the presence of the jury.

    **e.** Number of peremptory challenges – pursuant to Fed. R. Crim. P. 24 (12 for defense and 8 for the Government).

    **f.** Seating in the jury box – Court will email description of seating arrangement for out-of-box jurors to the parties.

AMENDED PRETRIAL ORDER - 4

**6. Jury Instructions**

    **a.** No disputed instructions yet. See Appendix B for full list of instructions. Court posted its proposed instructions this week.

    **b.** Exceptions process: Prior to the giving of instructions to the jury and again before final instructions are given, each side will be given the opportunity to take formal exceptions to the Court's instructions.

    **c.** The parties' proposed verdict form is acceptable to the Court.

**7. Opening Statements**

    **a.** Length of opening statements - 45 minutes each.

        i.  Government's estimate: 45 minutes

        ii.  Defendant's estimate: 20-30 minutes

    **b.** Procedure for openings (e.g., podium and use of exhibits during openings):

        i.  Be no closer to the jury than the mid-line of the courtroom (between judge and clock).

        ii.  If you are going to use exhibits or demonstratives in your opening, they need to be shown to the other side ahead of time; any disputes should be raised with the Court before opening statements.

    **c.** Use of charts, diagrams, timelines, and/or exhibits to be used during opening statements. Do not block the other side's view, but if that is unavoidable, counsel can reposition themselves to an unobstructed vantage point.

    **d.** Juror notetaking: jury to receive note pads **before** opening statements

**8. Closing Arguments**

    **a.** Parties are not required to provide closing argument materials the day prior to closing argument, but are encouraged to provide demonstratives as far in advance as possible.

    **b.** Length of closing arguments – 2 hours

        i.  Government's estimate: 2 hours.

        ii.  Defendant's estimate: not longer than 2 hours.

**9. Upcoming Deadlines**

    **a.** Final exhibit list in Microsoft Word and/or Excel format (Excel format preferred)

AMENDED PRETRIAL ORDER - 5

must be emailed to Natalie Wood, Courtroom Deputy, at natalie_wood@wawd.uscourts.gov by 3:00 p.m. on **May 1, 2026.**

**b.** Electronic versions of the exhibits (scanned using Optical Character Recognition if possible and encoded as a searchable PDF) were provided to the Court.

**c.** Witness lists indicating the order in which your witnesses will testify at trial must be provided to Ms. Wood in Word format no later than **May 1, 2026.**

## 10. Government's Witnesses

1. FBI Task Force Officer Ashley Fitzgerald

2. FBI Special Agent Araceli Lopez Padilla

3. FBI Digital Forensic Examiner John Powers

4. FBI Task Force Officer Ty Saigo

5. GW1

6. GW2

7. GW3

8. GW4

9. NCUA Consumer Access Analyst John Roderick

10. FDIC Supervisory Examiner Davis Ammann

11. D.J.

12. B.F.

13. K.W.

14. Edward Braswell

15. SPD Officer Erik Larson

16. B.L.

17. Heidi Bachtel

18. T.Z.

19. S.F.

20. Marley Cromis

21. TPD Officer Brandon Scheetz

22. W.S

23. Cheri Ann Dern

24. B.S.

25. Eugeny Kulinovsky

26. Miles Dillon

27. Lance Heindel

28. SCSO Detective Brett Grieve

29. SCSO Deputy Jeremy Duran

AMENDED PRETRIAL ORDER - 6

30. SCSO Deputy Kyle Bottin

31. SCSO Deputy Sara Miller

32. BPD Officer Nick Sanelli

33. K.F.

34. A.M.

35. Queen Avaava

36. Brandon Smith

37. APD Officer Jason Pennock

38. Francesca Nix

39. E.V

40. J.M.

41. S.W.

42. Clifford Garrett

43. KCSO Deputy Ella Schlegel

44. KCSO Detective Christine Parks

45. KPD Officer Matthew Fisher

46. KPG Sgt. Joel Makings

47. I.M.

48. LPD Detective Joshua Dumont

49. LPD Office Aaron McBride

50. TPD Detective Jeff Maahs

51. K.G.

52. Rachel Forbes

53. Alexandra Matt

54. M.L.

55. G.K.E.

56. Q.N.

57. C.T.

58. K.C.

59. Don Moore

60. SPD Officer Nathan Lemberg

61. SPD Officer Marc Powell

62. S.W.

63. Diana Esparza

64. Kent Detective Daniel Yagi

AMENDED PRETRIAL ORDER - 7

**11. Defendant's Witnesses:**

1. Defendant Shannon Hartfield

2. Anyone identified as a potential witness or called to testify by the United States. Court note: the Government requests notice if the defense is relying on certain Government witnesses to inform it as it contemplates removing some witnesses prior to trial.

**12. Non-exempt witnesses excluded from the courtroom unless their testimony has been completed.**

    **a.** Party representatives: Mr. Hartfield and Task Force Officer Fitzgerald

    **b.** Expert witnesses: Rachel Forbes, Alexandra Matt, John Powers, and Tyson Sagiao

    **c.** Counsel will admonish witnesses not to discuss the case with non-exempt witnesses who have not yet testified or who are subject to recall.

**13. Notification of Witnesses:** Each party must notify the other of the witnesses they intend to call or use by the end of the court day prior to the day the party will call the witness or use the deposition.

**14. Special Witness Needs/Issues** (e.g., witnesses that need special accommodation such as out-of-town witnesses, witnesses with disabilities, witnesses that need interpreters).

    **a.** The parties will address sealing of the transcript with respect to cooperating witnesses during trial.

**15. Trial Procedures Regarding Evidence**

    **a.** Batch admissions permitted where admissibility is undisputed. An advance email with the exhibit numbers is appreciated.

    **b.** Objections: Grounds only without explanation; if explanation is needed, Court will take up the objection outside the presence of jury. Counsel should be prepared for the Court to inquire as to whether the objection can be taken up at the next break.

    **c.** Sidebars

        i. Should be avoided if possible.

        ii. Defendant does not waive his presence at sidebar conferences.

    **d.** Witnesses must not discuss their testimony or other matters related to the case with non-exempt witnesses.

    **e.** Counsel for each party must inform his or her witnesses prior to their testimony of relevant rulings and must direct each witness to abide by those rulings.

AMENDED PRETRIAL ORDER - 8

**f.** Firearm/ammunition exhibits. Jury will be allowed to view on a table in the courtroom prior to deliberations.

i. Guidance from USMS: Jury's inspection of these exhibits should be limited to a visual inspection. The weapons must be secured with devices that render them inoperable. Members of the jury can file by and visually inspect the weapon before proceeding to the deliberation room. The Marshals would recommend that at no time should the members of the jury be allowed to handle or manipulate the weapons, and either a case agent or USMS personnel should be present in the courtroom. If the AUSA or case agents would like to discuss suggestions for proper locking/disabling devices for these weapons, the Marshals are happy to speak with them about some options.

16. **Issues that Arise During Trial, After Court Hours:** Should an issue arise during trial after court hours, counsel are instructed to meet and confer to determine whether the issue may be resolved without court intervention. If such meet and confer efforts are unsuccessful, counsel must notify the courtroom deputy of the issue by email at natalie_wood@wawd.uscourts.gov.

AMENDED PRETRIAL ORDER - 9

**APPENDIX A**

**General voir dire (**all questions/statements are standard except the **bolded material**, which has been added):

Good morning. Welcome to the United States District Court for the Western District of Washington. I am Judge King. We are beginning a jury trial in a criminal case. [Introduce Court personnel to the jury.]

The first stage of a jury trial is the selection of a jury, which is called "voir dire." Please keep in mind that serving as a juror is a fundamental obligation that we all share as citizens.

As we approach the anniversary of the founding of our country, it's a good opportunity to remember that one of the grievances against the King of England that is listed in the Declaration of Independence is that the King had been, quote, "depriving us in many cases of the benefits of trial by jury."

The right to trial by jury was later enshrined in the Sixth Amendment, so today you will serve your country by participating in a process that has been guaranteed by the United States Constitution for 235 years since 1791.

Under the Sixth Amendment, a defendant charged by the government with the commission of a crime has the right to be tried before an impartial jury made up of 12 citizens of our community.

Your role as jurors in this case is quite specific. You will serve as the fact finder. You will make the determination of guilt or innocence as this case involves allegations of violations of federal law. The only tools you will need during this trial will be notebooks and pens, and they will be presented to you at the appropriate time with an instruction on their use.

**I'll now formally introduce this case and the parties. This is the matter of United States of America v. Shannon G. Hartfield. The United States is represented by Assistant United States Attorneys Kristine Foerster and Amanda McDowell. Please stand and introduce yourselves and anyone else seated at counsel table.**

**Defendant Shannon Hartfield is represented by attorneys Brent Hart and Dan Norman of the law firms of Hart Jarvis Murray Chang PLLC and the Daniel Norman Law Office. Please introduce yourself, your client, and anyone else seated at counsel table.**

**The government has obtained an indictment from the grand jury charging Defendant Shannon Hartfield with one count of Conspiracy to Commit Robbery in violation of Title 18 U.S.C. §§ 371, 1951, and 2113; eight counts of Robbery Affecting Interstate Commerce in violation of Title 18 U.S.C. § 1951; nine counts of Using a Firearm During and in Relation to a Crime of Violence in violation of Title 18 U.S.C. § 924(c); three counts of Bank Robbery in violation of Title 18 U.S.C. §§ 2113 and 2; one count of Attempted Armed Bank Robbery in violation of Title 18 U.S.C. §§ 2113 and 2; and one count of Armed Bank Robbery in violation of Title 18 U.S.C. §§ 2113 and 2.**

AMENDED PRETRIAL ORDER - 10

Please remember that an indictment is simply the description of the charges made by the government against the defendant. It is not evidence of anything.

The defendant has entered a plea of not guilty to all charges and he is to be presumed innocent unless and until he is proven guilty beyond any reasonable doubt. The burden of proof is upon the government, and a defendant always has the right to remain silent, and he never has to prove innocence.

To ensure that this case will be tried before an impartial jury, the attorneys and I will ask you a series of questions to help the Court and the attorneys in the jury selection process. However, the law requires that prospective jurors be sworn before any questions are asked, so we will do that now.

All prospective jurors in the courtroom, please rise, raise your right hand and be sworn. *Do you and each of you solemnly swear that the answers you shall give to the questions asked by the court or under the direction of the court relating to your qualifications to act as jurors in the cause now before the court, shall be the truth, the whole truth and nothing but the truth? If you so swear or affirm, please say "I Do."*

Did anyone not say "I do?" [Engage in colloquy if so.]

The questions that the attorneys and I will ask you during this process are not asked to embarrass you or to pry into your private affairs, but to determine whether you are unbiased and make sure that you do not have any preconceived ideas that might affect the case. We want to ensure that we have an impartial jury. You should not withhold information in order to be seated on the jury, and you should also be forthcoming in your answers rather than answering in the way you feel the attorneys or I expect you to answer.

The attorneys have the right to challenge any jurors for cause, and they also have the right to challenge a prescribed number of jurors without giving any reason as a guarantee to both parties that they may remove some jurors if they wish.

A challenge for cause results from a concern that a juror cannot be impartial for some reason – for example, because of a relationship with a party or witness or bias concerning some issue in the case. A challenge made without any reason is called a peremptory challenge.

You should not take offense if you are challenged, since the challenges are not exercised as a personal reflection on you. The 16 jurors with the lowest numbers who have not been challenged will comprise the jury; specifically, 12 will be seated on the jury and four will serve as alternates. However, I will not select alternates until just before deliberations.

One of the customs and rules of the court is that parties and lawyers do not greet jurors or otherwise interact with them outside of this courtroom during jury selection and trial. The purpose is to avoid any impression of influencing a juror. So if you pass any of us at some point and we ignore you, please don't be offended; we are obligated to do that under this rule.

I will now ask some questions generally of all prospective jurors. The questions I ask, the questions I permit the attorneys to ask, and the instructions I give are directed to each and every

one of you, so please pay close attention. If your answer to a question is "yes" or "maybe yes," to any of these questions, please raise your number until the attorneys and I have made a note of your response.

If you feel the question calls for an answer that is too personal or sensitive and you would prefer to answer it out of the presence of the other jurors, again, please let me know, and we will have you respond on the record, but in front of just me and the parties and court staff.

Even after I have asked a question and moved on to another one, if you remember something that would have changed your response to a prior question, please raise your number and let me know that information. This occurs from time to time, and it is very important that the attorneys have complete information to assist them in the jury selection process.

1.  The court previously introduced the Assistant United States Attorneys **Kristine Foerster and Amanda McDowell**. Do you know them or anyone in the United States Attorney's Office or the United States Department of Justice?

2.  The court previously identified the defendant **Shannon Hartfield** and his attorneys **Brent Hart and Dan Norman.** Do you know the defendant, his attorneys, or anyone at the law firms of **Hart Jarvis Murray Chang PLLC or the Daniel Norman Law Office**?

3.  Do any of you personally know me or any of the court staff present today?

4.  Have you heard or read anything about this case?

5.  I will now ask counsel for the government to list all of the witnesses that they expect to call to testify. Please raise your card if you believe that you know any of these witnesses. (Government attorney reads names.)

6.  I will now ask counsel for the defendant to list all of the witnesses that they expect to call to testify. Please raise your card if you believe that you know any of these individuals. (Defense counsel reads names.)

7.  I will now list other individuals associated with this case. Please raise your card if you believe that you know any of these individuals.

    Michael Miller-Jimerson

    Giovanni Miller-Jimerson

    Rayshon Blackwell

    Julian Charles

    Don Pierre Borders

    Najee Neal

AMENDED PRETRIAL ORDER - 12

Montrell Hatfield

Marshawn Jones

Carlos Carter

Jay Sieber

8. Do you have any difficulty in understanding or reading English?

9. Do you have any training or work experience in the field of law?

10. Are you related to or close with anyone who works in the legal system: judge, lawyer, clerk, probation officer, paralegal, etc.?

    **a)** **Those of you who raised your cards to that question, please raise your card again if you or someone close to you works for an office that prosecutes or represents criminal defendants?**

11. Are you or is anyone close to you connected with law enforcement of any kind, including federal, state, tribal, county, city, or private?

12. Have you served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

    a) Those of you who served as a juror in a criminal or civil case, please raise your card again if the jury was **not** able to reach a verdict.

    b) Those of you who served as a juror in a criminal or civil case, please raise your card again if you were the foreperson.

13. Do you know any of the other jurors from any contact other than your meeting this morning?

14. Have you ever testified before in any court proceeding, and by "court proceeding," I do not mean a deposition?

15. Have you or has anyone close to you ever been a litigant/party in a court hearing or proceeding?

16. Have you or has anyone close to you ever been accused, rightly or wrongly, with committing a criminal offense?

    a) Those of you who raised your cards to that question, please raise your card again if you believe that the police or the prosecution conducted themselves improperly in any way.

    b) Those of you who raised your cards to that question, please raise your card again if anything about that experience would affect your ability to serve as fair and

impartial juror in this case?

17. Have you or has anyone close to you ever been the victim of a criminal offense?

    **a)    Those of you who raised your cards to that question, please raise your card again if you or someone close to you was the victim of a *violent crime or robbery*.**

    b)    Those of you who raised your cards to that question, please raise your card again if anything about that experience would affect your ability to serve as fair and impartial juror in this case?

18. Have you ever had a particularly positive or negative experience law enforcement generally?

19. **Do you have particularly positive or negative feelings about the Department of Justice or the Federal Bureau of Investigation?**

    **a)    Those of you who raised your cards to that question, please raise your card again if those feelings would affect your ability to serve as fair and impartial juror in this case.**

20. **Do you have particularly strong feelings about firearms?**

21. **In a case involving the alleged use of firearms, is there any reason why you may not be able to render a fair and impartial verdict or follow the court's instructions?**

22. **Do you work, or have you worked, in the marijuana or banking industries?**

    a)    **Those of you who raised your cards to that question, please raise your card again if you experienced any crime committed against the entity while you worked there.**

        •    **Those of you who raised your cards to that question, please raise your card again if that experience would affect your ability to serve as fair and impartial juror in this case.**

    b)    **Those of you who raised your cards to that question, please raise your card again if you work, or have worked, at the following entities:**

        •    **Greenworks Cannabis**

        •    **Greenfire Cannabis**

        •    **Zips Cannabis**

        •    **Kushman's Dispensary**

        •    **Heave a Heart Dispensary**

- **Lucid Cannabis**

- **West Seattle Dispensary**

- **Forbidden Cannabis**

- **Seattle Credit Union**

- **Chase Bank**

- **Salal Credit Union**

23. **Do you have particularly strong feelings about the marijuana industry?**

24. **In a case involving the alleged robbery of marijuana stores, is there any reason why you may not be able to render a fair and impartial verdict or follow the court's instructions?**

25. **In this case, the defendant is charged one count of Conspiracy to Commit Robbery in violation of Title 18 U.S.C. §§ 371, 1951, and 2113; eight counts of Robbery Affecting Interstate Commerce in violation of Title 18 U.S.C. § 1951; nine counts of Using a Firearm During and in Relation to a Crime of Violence in violation of Title 18 U.S.C. § 924(c); three counts of Bank Robbery in violation of Title 18 U.S.C. §§ 2113 and 2; one count of Attempted Armed Bank Robbery in violation of Title 18 U.S.C. §§ 2113 and 2; and one count of Armed Bank Robbery in violation of Title 18 U.S.C. §§ 2113 and 2. Is there anything about the nature of those charges that would cause any of you to begin the trial with any bias or prejudice, one way or another?**

26. This trial is expected to last for up to 24 days, which means it may continue until Friday, June 5. We will start each day at 9:00 a.m. and finish no later than 4:30 p.m. each day. We will have a morning break of fifteen minutes, a lunch break of an hour, and an afternoon break of fifteen minutes. At the end of the trial, there is no limit on the amount of time that the jury may deliberate. Is there any juror who cannot be here for the anticipated duration of the trial? (explain hardship)

27. Is there any health issue, physical impairment, or persistent physical aggravation or other problem that would make it difficult for you to sit as a juror for the expected duration of this case? (bad back, migraines, etc.)

28. Do any of you have any moral, religious, or philosophical beliefs that would prevent you from returning a verdict against another person in a criminal case?

29. As a juror in a criminal case, your obligation would be to listen to the evidence and from that determine the facts according to the law as given to you by the court. You must follow the court's instructions on the law even if you disagree with them. Is there anyone who would be unable or unwilling to follow the court's instructions if you thought the law was unwise or wrong?

AMENDED PRETRIAL ORDER - 15

30.     You will be instructed that the defendant is presumed to be innocent until proven guilty and that the burden is upon the government to prove the defendant guilty beyond a reasonable doubt. Is there anyone among you who has a problem or other issue with these principles of law?

31.     Is there anyone who can think of any reason that would prevent you from being able to render a fair and impartial verdict in this case?

Thank you all. I will now permit the lawyers to have **45 minutes** per side to ask additional voir dire questions. [Counsel voir dire.]

FINAL QUESTION: Having heard the questions put to you by the Court and the attorneys, is there any reason why you could not sit on this jury and render a fair verdict based on the evidence presented to you and the Court's instructions to you on the law?

AMENDED PRETRIAL ORDER - 16

**APPENDIX B: Jury Instructions**

| Preliminary Instruction No. | Description | 9th Circuit Model No. | Agreed? |
|---|---|---|---|
| 1 | Duty of Jury | 1.1 | Yes |
| 2 | The Charge—Presumption of Innocence | 1.2 | Yes |
| 3 | Conspiracy | 11.1, 6.27 | Yes |
| 4 | Multiple Conspiracies | 11.3 | Yes |
| 5 | Conspiracy—Knowledge of and Association with Other Conspirators | 11.4 | Yes |
| 6 | Robbery or Attempted Robbery (Counts 2, 4, 6, 8, 10, 12, 14, 18) | 9.8 | Yes |
| 7 | Robbery Affecting Interstate Commerce (Counts 2, 4, 6, 8, 10, 12, 14, 18) | 9.9 | Yes |
| 8 | Bank Robbery (Counts 19, 20, 25) | 9.1 | Yes |
| 9 | Armed Bank Robbery (Count 23) | 9.1 | Yes |
| 10 | Attempted Armed Bank Robbery (Count 21) | 9.4, 6.27 | Yes |
| 11 | Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence (Counts 3, 5, 7, 9, 11, 13, 15, 22, and 24) | 14.22 | Yes |
| 12 | Firearms–Using a Firearm During a Crime of Violence - Brandishing (Counts 3, 5, 7, 9, 11, 13, 15, 22, and 24) | 14.22 | Yes |
| 13 | Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence– Discharge (Count 9) | 14.22 | Yes |
| 14 | Knowingly—Defined | 4.8 | Yes |
| 15 | Mere Presence—Defined | 5.12 | Yes |
| 16 | Aiding and Abetting—Defined | 4.1 | Yes |
| 17 | Liability for Substantive Offense Committed by Co-Conspirator | 11.6 | Yes |
| 18 | What Is Evidence | 1.3 | Yes |
| 19 | What Is Not Evidence | 1.4 | Yes |
| 20 | Direct and Circumstantial Evidence | 1.5 | Yes |
| 21 | Rule of Objections | 1.6 | Yes |
| 22 | Credibility of Witnesses | 1.7 | Yes |
| 23 | Conduct of the Jury | 1.8 | Yes |
| 24 | No Transcript Available to Jury | 1.9 | Yes |
| 25 | Taking Notes | 1.1 | Yes |
| 26 | Questions to Witnesses by Jurors During Trial | 1.14 | Yes |
| 27 | Bench Conferences and Recesses | 1.16 | Yes |
| 28 | Outline of Trial | 1.11 | Yes |

| Instructions During Course of Trial No. | Description | 9th Circuit Model No. | Agreed? |
|---|---|---|---|
| 1 | Cautionary Instruction--First Recess | 2.1 | Yes |
| 2 | Stipulations of Fact | 2.3 | Yes |
| 3 | Other Crimes, Wrongs, or Acts of the Defendant | 2.1 | Yes |

| Final Instruction No. | Description | 9th Circuit Model No. | Agreed? |
|---|---|---|---|
| 1 | Duties of Jury to Find Facts and Follow Law | 6.1 | Yes |
| 2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof | 6.2 | Yes |
| 3 | Defendant's Decision Not to Testify or to Testify | 6.3, 6.4 | Yes |
| 4 | Reasonable Doubt—Defined | 6.5 | Yes |
| 5 | What Is Evidence | 6.6 | Yes |
| 6 | What Is Not Evidence | 6.7 | Yes |
| 7 | Direct and Circumstantial Evidence | 6.8 | Yes |
| 8 | Credibility of Witnesses | 6.9 | Yes |
| 9 | Activities Not Charged | 6.1 | Yes |
| 10 | Separate Consideration of Multiple Counts—Single Defendant | 6.11 | Yes |
| 11 | Other Crimes, Wrongs or Acts of Defendant | 3.3 | Yes |
| 12 | Statements by Defendant or Codefendant | 3.1 | Yes |
| 13 | Photos of Defendant, "Mugshots" | 2.13 | Yes |
| 14 | Testimony of Witnesses Involving Special Circumstances—Immunity, Benefits, Accomplice, Plea | 3.9 | Yes |
| 15 | Opinion Evidence, Expert Witness | 3.14 | Yes |
| 16 | Charts and Summaries Not Admitted into Evidence | 3.16 | Yes |
| 17 | Charts and Summaries Admitted into Evidence | 3.17 | Yes |
| 18 | On or About—Defined | 6.18 | Yes |
| 19 | Conspiracy—Elements | 11.1 | Yes |
| 20 | Multiple Conspiracies | 11.3 | Yes |
| 21 | Conspiracy—Knowledge of and Association with Other Conspirators | 11.4 | Yes |
| 22 | Hobbs Act—Robbery Affecting Interstate Commerce (Counts 2, 4, 6, 8, 10, 12, 14, 18) | 9.8 | Yes |
| 23 | Hobbs Act—Robbery Affecting Interstate Commerce - Interstate Commerce (Counts 2, 4, 6, 8, 10, 12, 14, 18) | 9.9 | Yes |
| 24 | Bank Robbery (Counts 19, 20, 25) | 9.1 | Yes |
| 25 | Armed Bank Robbery (Count 23) | 9.1 | Yes |
| 26 | Attempted Armed Bank Robbery (Count 21) | 9.4 | Yes |

AMENDED PRETRIAL ORDER - 18

| 27 | Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence or Drug Trafficking Crime (Counts 3, 5, 7, 9, 11, 13, 15, 22, and 24) | 14.22 | Yes |
|---|---|---|---|
| 28 | Firearms–Using a Firearm During a Crime of Violence - Brandishing (Counts 3, 5, 7, 9, 11, 13, 15, 22, and 24) | 14.22 | Yes |
| 29 | Firearms–Using, Carrying, or Brandishing in Commission of Crime of Violence or Drug Trafficking Crime - Discharge (Count 9) | 14.22 | Yes |
| 30 | Knowingly - Defined | 4.8 | Yes |
| 31 | Mere Presence | 5.12 | Yes |
| 32 | Aiding and Abetting | 4.1 | Yes |
| 33 | Liability for Substantive Offense Committed by Co-Conspirator | 11.6 | Yes |
| 34 | Duty to Deliberate | 6.19 | Yes |
| 35 | Consideration of Evidence—Conduct of the Jury | 6.2 | Yes |
| 36 | Use of Notes | 6.21 | Yes |
| 37 | Jury Consideration of Punishment | 6.22 | Yes |
| 38 | Verdict Form | 6.23 | Yes |
| 39 | Communication with Court | 6.24 | Yes |

AMENDED PRETRIAL ORDER - 19