UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHANNON G. HARTFIELD,<br>Defendant. | CASE NO. 2:22-cr-00176-LK<br>ORDER DENYING MOTION TO EXTEND TIME |

This matter comes before the Court on Defendant Shannon Hartfield's motion to extend the time to file a motion for a new trial. Dkt. No. 317. For the reasons explained below, the Court denies the motion.

## I. BACKGROUND

At the conclusion of a three-week trial, on May 26, 2026, a jury found Mr. Hartfield guilty of 17 out of 23 charged counts, including conspiracy to commit robbery, attempted armed bank robbery, armed bank robbery, and multiple counts of robbery affecting interstate commerce, bank robbery, and using a firearm during and in relation to a crime of violence, and could not reach a verdict on the remaining six counts. Dkt. No. 299. On June 1, 2026, Magistrate Judge Peterson

granted Mr. Hartfield's trial counsel's motion to withdraw as counsel. Dkt. No. 303. On June 9, 2026, Magistrate Judge Leupold appointed new counsel for Mr. Hartfield. Dkt. No. 307. Any "motion for a new trial grounded on any reason other than newly discovered evidence" was due 14 days after the guilty verdict, or June 10, 2026. Fed. R. Crim. P. 33(b)(2).

On July 15, 2026, Mr. Hartfield moved pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B) to extend the deadline to file a motion for a new trial. Dkt. No. 317. He avers that on July 13, 2026, during his new counsel's fifth conversation with him since being appointed, "an issue arose that caused [her] to wonder if there may be a basis" for a motion for a new trial, and she has since ordered trial transcripts, which she must review "to determine whether [she] believe[s] a good-faith Rule 33 motion exists." *Id.* at 6. New counsel states that she is not yet sure whether there is a good faith basis for filing a motion for a new trial, and that she "will not bring such a motion" if she does not find grounds to do so in the record. *Id.* She requests that the deadline to file a motion for a new trial be set for "30 days after the trial transcripts and discovery are produced." Dkt. No. 317-1 at 2.

The Government "does not take a position on this request[.]" Dkt. No. 319.

## II. DISCUSSION

### A. Legal Standard

Rule 45 permits a court to extend the time limits set forth elsewhere in the Rules either on its own initiative or on a party's motion filed "after the time expires if the party failed to act because of excusable neglect." Fed. R. Crim. P. 45(b)(1)(B). Under Rule 45(b)(1)(B), "if for some reason the defendant fails to file the underlying motion within the specified time, the court may nonetheless consider that untimely motion if the court determines that the failure to file it on time was the result of excusable neglect." *Id.*, advisory committee's notes to the 2005 amendments. To assess whether the neglect was excusable, a court considers the "*Pioneer* factors": "(1) the danger

of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *United States v. Laverty*, No. 22-10187, 2024 WL 124294, at *3 (9th Cir. Jan. 11, 2024) (quoting *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

**B. Mr. Hartfield Has Not Demonstrated Excusable Neglect**

Mr. Hartfield contends that because new counsel was appointed only one day prior to the deadline, "it would have been impossible to file a Motion for New Trial by that deadline." Dkt. No. 317 at 2. He further contends that "it would have been complete guesswork for [her] to know to file a Motion to Extend Time by that deadline as well, because [she] had virtually no knowledge of the case, the trial, or other relevant information or possible issues." *Id.* at 4. Mr. Hartfield argues that the four *Pioneer* factors all weigh in favor of finding excusable neglect. *Id.* at 4–5.

The Court finds that, on this thin record, the *Pioneer* factors weigh against finding excusable neglect. First, it is impossible to determine the danger of prejudice to the government because Mr. Hartfield has not indicated on what basis he would bring a motion for a new trial; he prospectively seeks an extension of time based on the possibility that "there *may* be a basis" for such a motion. *Id.* at 6.[1] Second, the length of delay and potential impact on proceedings is similarly unknown, because Mr. Hartfield requests "a deadline of 30 days after the transcript and discovery production" to file a motion for a new trial, if he does find a basis for filing such a

[1] The Court notes that counsel's declaration, which is embedded in Mr. Hartfield's motion, is improper. A declaration is not a motion, and vice versa. A motion must cite to supporting separate documents, including but not limited to supporting declarations, but those separate documents cannot be embedded in the motion. *See* CrR 12(a).

motion "in good faith." *Id.* at 6–7. "[I]t is at least possible that the Government would be prejudiced by [the defendant's] delay in filing his motion for a new trial"; "[a]s time goes by, the likelihood of trial witnesses' becoming unavailable increases," *United States v. Sabir*, 628 F. Supp. 2d 414, 417 (S.D.N.Y. 2007) (finding untimely post-trial motions filed nearly three months after the verdict), *aff'd in relevant part sub nom. United States v. Farhane*, 634 F.3d 127 (2d Cir. 2011), especially in this case where over 50 witnesses testified during the course of trial, Dkt. No. 296. The Court also notes that, absent any proffered basis for a new trial, it cannot conclude that denial of the motion would prejudice Mr. Hartfield, "as he still has other legal avenues available to him to challenge" any issues from trial, "most notably, his direct appeal." *United States v. Dettelis*, No. 03-CR-62A, 2006 WL 8436015, at *3 (W.D.N.Y. May 2, 2006). Accordingly, the first two factors provide no support for finding excusable neglect.

The third factor, the reason for delay, weighs against finding excusable neglect. Although new defense counsel was appointed on June 9, only one day before the fourteen-day deadline for a motion for a new trial on June 10, Mr. Hartfield filed the motion to extend time 35 days after that deadline, on July 15. *Id.* at 5–6. Counsel represents that during a conversation with Mr. Hartfield on July 13, "an issue arose that caused [her] to wonder if there may be a basis" for a motion for a new trial, and it was not until that conversation that she ordered the trial transcripts and began investigating whether there may be a basis for a motion for a new trial. *Id.* at 6. But counsel was undoubtedly aware of the 14-day deadline, and therefore "should have known that very shortly after taking the case that [she] would need time to review the record," confer with her client, and identify any issues that may need to be raised in post-trial motions. *United States v. Noel*, No. CR 7:18-2-KKC, 2020 WL 4499955, at *4 (E.D. Ky. Aug. 5, 2020). The immediately apparent need for more time was therefore not "complete guesswork," as Mr. Hartfield contends. Dkt. No. 317 at 4. While filing a motion to extend time on the first day of representation may have been

"impossible," *id.* at 2, it remains unclear why Mr. Hartfield waited more than a month to request an extension, especially given that the need for a new trial is not any more clear now than it was when new counsel first undertook representation. *Cf. United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (finding length of delay "not clearly inordinate" when new counsel requested leave to file an untimely Rule 33 motion five days after appointment and eventually filed the motion for new trial 10 weeks later); *see also United States v. Elenniss*, 729 F. App'x 422, 426 (6th Cir. 2018) (although defendant's new counsel "would have needed time to familiarize himself with the case and to develop" post-trial motions, he "nonetheless could have sought leave to file those motions late shortly after taking the case"). Furthermore, "missed filing deadlines cannot be erased any time a defendant chooses to have new counsel"; "[w]ere such a rule to exist, defendants would constantly seek new attorneys, even if replacing competent ones, simply to have an end-run around Rule 33(b)(2)'s 14-day deadline." *United States v. Ketabchi*, No. 17-CR-243-3 (SHS), 2019 WL 1510444, at *3 (S.D.N.Y. Mar. 25, 2019).

As for the fourth factor, Mr. Hartfield avers that he brings the motion to extend time in good faith. Dkt. No. 317 at 5. Even so, on balance, Mr. Hartfield has not shown that the equities as analyzed under the *Pioneer* factors support a prospective extension of time for a motion for a new trial that may never be filed. Thus, at this stage, the Court cannot conclude that defense has demonstrated excusable neglect.

## III. CONCLUSION

For the reasons stated above, the Court DENIES the motion to extend time. Dkt. No. 317.

Dated this 5th day of August, 2026.

Lauren King
United States District Judge